**Howard HOLT, et al., Appellants,**

v.

**REPRODUCTIVE SERVICES, INC., a Corporation, Appellee.**

**No. 13–95–438–CV.**

Court of Appeals of Texas, Corpus Christi.

May 22, 1997.

Rehearing Overruled June 12, 1997.

**604** ■ 

Anne Bunting, Corpus Christi, for appellant.

Carlos Villarreal, Hunt, Hermansen, McKibben & Barger, Corpus Christi, for appellee.

Before FEDERICO G. HINOJOSA, Jr., YANEZ and RODRIGUEZ, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

Appellants, Howard Holt, Jenny Holt, HDI Check Processing, Inc., HDI, Bancpac, Inc., a/k/a, HDI Software, Inc., and appellee, Reproductive Services, Inc., were tenants sharing a common wall in an office building in Corpus Christi. Reproductive Services operated an abortion clinic at this site. On February 15, 1993, arsonists burned the clinic and caused major damage to appellants' business. As a result of the damages, appellants sued Reproductive Services[1] for negligence. Appellants claimed that Reproductive Services violated a duty to warn or protect them from third-party criminal attacks against the clinic. Appellants alleged that this duty existed because Reproductive Services knew or should have known of the potential for such attacks. After Reproductive Services specially excepted, and the trial court ordered appellants to replead, appellants filed their Second Amended Petition. Appellee subsequently moved to dismiss the suit with prejudice because appellants' Second Amended Petition failed to allege facts sufficient to state a cognizable duty as well as to establish proximate cause. The trial court granted the motion and dismissed the suit for failure to state a cause of action.

1. The lawsuit was initially brought against Reproductive Services, Inc., Stonegate Medical Ltd., and William S. Hopkins, a general partner

By a single point of error, appellants contend that the trial court erred in sustaining the special exceptions and in dismissing the case because their Second Amended Petition alleges facts which state a cause of action for negligence against Reproductive Services. We disagree and affirm.

■ The controlling issue in a case where the trial court sustains special exceptions and dismisses a cause of action following the plaintiff's failure to properly amend is the propriety of the trial court's ruling sustaining the special exceptions. *Cole v. Hall,* 864 S.W.2d 563, 566 (Tex.App.—Dallas 1993, writ denied); *McCamey v. Kinnear,* 484 S.W.2d 150, 152 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.). An appellant who complains of the dismissal of a cause of action following the sustaining of special exceptions must first attack the trial court's decision to sustain the special exceptions and then attack the court's decision to dismiss the cause of action. *Cole,* 864 S.W.2d at 566.

■ When an appellant attacks a trial court's order sustaining special exceptions and dismissing a cause of action, we review the pleading to determine whether the trial court abused its discretion in sustaining the special exceptions. *Id.; Bader v. Cox,* 701 S.W.2d 677, 686 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). We construe the pleading liberally, accepting as true all of the factual allegations set forth therein. *Aranda v. Insurance Co. of N. Am.,* 748 S.W.2d 210, 213 (Tex.1988); *Cole,* 864 S.W.2d at 566–67. The trial court's ruling will not be disturbed unless there is a showing that the court abused its discretion. *Cole,* 864 S.W.2d at 567.

■ The test for abuse of discretion is whether the court acted without reference to any guiding rules and principles or whether the act was arbitrary and unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1986). If the trial court properly sustains special exceptions and the plaintiff refuses or fails to amend, the trial court does not err in dismissing the cause of action. *Cole,* 864 S.W.2d at 566;

of Stonegate Medical Ltd. The cause of action against Stonegate Medical Ltd. and William S. Hopkins was severed from this cause.

*Townsend v. Memorial Medical Ctr.,* 529 S.W.2d 264, 267 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.). If the pleading does not state a cause of action, the trial court does not err in dismissing the entire case. *Cole,* 864 S.W.2d at 566; *Hubler v. City of Corpus Christi,* 564 S.W.2d 816, 820 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

Reproductive Services specially excepted on the ground that appellants' Second Amended Petition failed to allege facts sufficient to establish a common law duty that Reproductive Services owed to appellant. In addition, Reproductive Services claimed that appellants' petition lacked facts showing that Reproductive Services proximately caused appellants' injuries.

Appellants contend that their Second Amended Petition stated facts and allegations sufficient to establish duty and proximate cause. The following is a summary of the relevant facts and allegations[2] found in appellants' Second Amended Petition:

1. Appellants rented and occupied a suite in an office complex in Corpus Christi.

2. Appellants' suite was adjacent to office space leased by Reproductive Services.

3. The office space leased by Reproductive Services was used as an abortion clinic.

4. Appellant and Reproductive Services shared a common wall.

5. Reproductive Services owned and operated several clinics in the southwestern part of the United States.

6. On or about February 15, 1993, arsonists set fire to the clinic in Corpus Christi.

7. The fire spread to and completely destroyed appellants' offices.

8. Prior to February 15, 1993, Reproductive Services had been threatened that its Corpus Christi clinic, and other clinics throughout the southwest, would be destroyed.

9. Reproductive Services had previously experienced acts of violence at its clinics.

10. Reproductive Services knew or should have known of the history of anti-abortion terrorism. Between 1984 and 1993, twenty-eight abortion clinics were bombed, sixty-two were destroyed by arson, forty-eight were victims of attempted arson or bombing, and 250 received bomb threats.

11. Appellants had no knowledge of the specific threats against Reproductive Services nor the history of violence against abortion clinics.

12. Although Reproductive Services had previously hired security guards to protect the premises, it had no guard on duty on the night of the arson.

13. The arson attack was foreseeable due to direct threats and prior acts of violence made against Reproductive Services as well as the history of violence against other abortion clinics across the country.

14. That appellants' property would also be damaged from such an attack was also foreseeable since the two suites were adjoined by a common, flammable wall.

15. Reproductive Services owed a duty to appellants to protect them from foreseeable harm by hiring a security guard to patrol the premises, or in the alternative, by warning appellants of the danger posed.

Even if these facts and allegations are all true, we conclude that appellants did not state a cause of action because the facts do not allege that Reproductive Services owed a common law duty to appellants.

 The common law doctrine of negligence consists of three elements: 1) a legal duty owed by one person to another, 2) a breach of that duty, and 3) damage proximately resulting from the breach. *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990); *El Chico Corp. v. Poole,* 732 S.W.2d 306, 311 (Tex.1987). The threshold inquiry in a negligence case is duty. *Centeq Realty v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995); *Greater Houston Transp.,* 801 S.W.2d at 525. A plaintiff must prove the

**2.** The facts and allegations concerning the other defendants have been excluded.

existence and violation of a duty owed to him by the defendant to establish negligence liability. *Centeq,* 899 S.W.2d at 197; *Greater Houston Transp.,* 801 S.W.2d at 525. The existence of a duty is a question of law for the court to decide from the facts surrounding the occurrence in question. *Walker v. Harris,* 924 S.W.2d 375, 377 (Tex.1996); *Centeq,* 899 S.W.2d at 197; *Greater Houston Transp.,* 801 S.W.2d at 525.

As a general rule, a person has no duty to protect another from the criminal acts of a third person or to control the conduct of another. *Walker,* 924 S.W.2d at 377. Similarly, a landowner has no duty to prevent criminal acts of third parties who are not under the landowner's supervision or control. *Id.* This general no-duty rule, however, is not absolute. *Id.; Butcher v. Scott,* 906 S.W.2d 14, 15 (Tex.1995). A landowner has a duty to protect invitees from criminal acts of third parties if the landowner knows or has reason to know of an unreasonable risk of harm to the invitee. *Butcher,* 906 S.W.2d at 15; *Exxon Corp. v. Tidwell,* 867 S.W.2d 19, 20 (Tex.1993). This duty is derived from the principle that a party who has the "power of control or expulsion" is in the best position to protect against harm. *Butcher,* 906 S.W.2d at 15 (quoting *Tidwell,* 867 S.W.2d at 20)). The right to control the premises is thus one of the factors that determines whether a legal duty should be imposed on the owner or possessor of the premises. *Butcher,* 906 S.W.2d at 15; *Centeq,* 899 S.W.2d at 197.

Reproductive Services argues that appellants cannot allege that it had control of the premises because appellants also sued the landlord of the office building. Generally, a landlord has no duty to protect tenants or their invitees from dangerous conditions on leased premises. *Johnson County Sheriff's Posse v. Endsley,* 926 S.W.2d 284, 285 (Tex.1996). This rule stems from the notion that a lessor relinquishes possession or occupancy of the premises to the lessee. *Id.* However, if a lessor retains control over premises used in common by different occupants of his property, then he has a duty to keep those common areas reasonably safe for the tenants and their guests. *Endsley,* 926

S.W.2d at 285; *Parker v. Highland Park, Inc.,* 565 S.W.2d 512, 514–15 (Tex.1978). A tenant is responsible only for so much as his lease includes. *Morton v. Burton–Lingo Co.,* 136 Tex. 263, 150 S.W.2d 239, 240 (1941). Tenants and occupiers are required to keep their leased land or premises in a reasonably safe condition for invitees. *See Parker,* 565 S.W.2d at 516. The duty is to protect invitees from dangers that the occupier knows of or should know of in the exercise of ordinary care. *Id.*

After reviewing the Second Amended Petition, we find that appellants did not allege any specific prior acts of violence at or near the Corpus Christi clinic. Appellants did, however, allege that Reproductive Services received or knew of threats of violence at the Corpus Christi clinic and other clinics owned by Reproductive Services. Appellants also alleged that Reproductive Services had previously hired security guards, but did not have guards on duty on the night of the arson. We hold that appellants' Second Amended Petition sufficiently raised the issue of foreseeability of criminal acts.

Appellants' petition also alleged that the arson occurred on Reproductive Services's leased property. We can infer from the petition that, as a tenant, Reproductive Services was responsible for and in control of its leased premises. *See Butcher,* 906 S.W.2d at 15; *Parker,* 565 S.W.2d at 516. As we previously stated, Reproductive Services hired security guards at the Corpus Christi location on previous occasions. We hold that appellants' petition sufficiently raised Reproductive Services' right to control the premises where the arson occurred.

If appellants had been invitees, then Reproductive Services might be liable for breaching its duty to protect them. *See Butcher,* 906 S.W.2d at 15; *Tidwell,* 867 S.W.2d at 20. Appellants, however, were not invitees injured on the premises of Reproductive Services by the foreseeable criminal acts of third parties.

Appellants ask that we extend the duty owed to invitees to include other tenants sharing space in an office building. Our

research has found no Texas case holding that such a duty extends to an off-premises plaintiff, such as an adjoining landowner or tenant. As an intermediate appellate court, we are reluctant to create a new cause of action. We believe that such matters are best left to the legislature or the Supreme Court of Texas. *Ramos v. Champlin Petroleum Co.*, 750 S.W.2d 873, 878 (Tex.App.—Corpus Christi 1988, writ denied); *see Reagan v. Vaughn*, 804 S.W.2d 463, 464 (Tex. 1990).

Because appellants did not plead facts establishing that Reproductive Services owed them a cognizable legal duty of care, we hold that the trial court did not abuse its discretion in sustaining Reproductive Services' special exceptions. Without the requisite allegation of duty of care, appellants' Second Amended Petition failed to state a cause of action in negligence against Reproductive Services. Because this was the only cause of action pleaded by appellants, we hold that the trial court did not err in dismissing the case.

Our decision on the duty issue is dispositive, therefore, we need not determine if appellant pleaded facts sufficient to establish proximate cause. TEX.R.APP.P. 90(a).

We affirm the judgment of the trial court.