NUMBER 13-03-221-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      

ROSEMARY R. DELEON,                                                           Appellant,

v.

HARLINGEN FAMILY DENTISTRY, INC.,                                  Appellee.
                                                                                                                                      

On appeal from the 404th District Court of Cameron County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Yañez and Castillo 
Memorandum Opinion by Justice Yañez

          Appellant, Rosemary De Leon (“De Leon”), appeals from the trial court’s dismissal
of her claims of religious and disability discrimination


 and retaliation


 against appellee,
Harlingen Family Dentistry, P.C. (“the Clinic”), following the trial court’s granting of the
Clinic’s special exceptions. Fourteen of the special exceptions requested specificity with
regard to De Leon’s petition, while the remaining two challenged the petition on the basis
of limitations. By three issues, appellant contends the trial court erred in: (1) sustaining
the special exceptions; (2) dismissing her case; and (3) denying her motion for new
trial. We affirm.
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the court’s
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
         “The controlling issue in a case where the trial court sustains special exceptions
and dismisses the cause of action following the plaintiff’s failure to properly amend is
the propriety of the trial court’s ruling sustaining the special exceptions.” Holt v.
Reprod. Serv., Inc., 946 S.W.2d 602, 604 (Tex. App.–Corpus Christi 1997, writ
denied). The trial court is clothed with a large degree of discretion when ruling on
special exceptions; the trial court’s ruling will not be upset absent an abuse of
discretion. Hubler v. City of Corpus Christi, 564 S.W.2d 816, 820 (Tex. App.–Corpus
Christi 1978, writ ref’d n.r.e.). The test for abuse of discretion is whether the trial
court’s actions were arbitrary or unreasonable, or done without reference to any
guiding rules or principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238,
241-42 (Tex. 1986). When the effect of the trial court sustaining special exceptions
is to dismiss the case, the allegations of the plaintiff’s petition must be taken as true
by the reviewing court. Id.
         The record from the hearing on the Clinic’s motion to compel and special
exceptions reflects that the Clinic’s counsel informed the court that “[w]e have an
agreement on essentially everything. . . . The agreement is defendant [sic] special
exception first amended original answer filed on April the 20th, 2001 be granted. 
That’s the agreement.” De Leon’s counsel did not object to the agreement, either at
the hearing or at any point thereafter. Therefore, we conclude that De Leon’s failure
to object to the stated agreement, as represented to the trial court, waived any right
to complain of the agreement on appeal. See Tex. R. App. P. 33.1. A special
exception agreed to by the parties in open court is a waiver of any error and cannot
be assigned as error on appeal. Counts v. Counts, 358 S.W.2d 192, 199 (Tex. Civ.
App.–Austin 1962, writ dism’d w.o.j.). 
         Moreover, even absent an agreement, we conclude that the trial court was
within its discretion to sustain special exceptions one through fourteen. See Union
Prod. Co. v. Allen, 297 S.W.2d 867, 869-70 (Tex. Civ. App.–Beaumont 1957, no
writ) (finding special exceptions requesting specificity regarding allegations in the
plaintiff’s pleading should have been sustained). We hold the trial court properly
sustained the Clinic’s special exceptions one through fourteen, and the trial court
therefore did not err in dismissing De Leon’s petition following her failure to properly
amend her petitition. Holt, 946 S.W.2d at 604.
         Following the sustaining of special exceptions directed at a pleading, a party has
two options. Hubler, 564 S.W.2d at 820. She “may amend to meet the exception,”
or she may refuse to amend, stand on her pleadings, and test the validity of the trial
court’s ruling on appeal. Id. The trial court may dismiss the case only after allowing
the party an opportunity to amend her pleadings following sustained special
exceptions. Tex. Dep’t of Corr. v. Herring, 513 S.W.2d 6, 10 (Tex. 1974). The trial
court does not err when it dismisses a cause of action when it has properly sustained
special exceptions and the plaintiff has failed to properly amend, or when the plaintiff’s
petition does not state a cause of action. Holt, 946 S.W.2d at 604-05. 
         De Leon failed to amend her petition after the trial court sustained the Clinic’s
special exceptions, despite having more than ninety days in which to do so. Having
allowed De Leon an opportunity to amend, the trial court was within its discretion to
dismiss her action for failure to do so. See Holt, 946 S.W.2d at 604. We overrule De
Leon’s first two issues.
         In her third issue, De Leon complains that the trial court erred in denying her
motion for new trial because the allegations took place within the applicable limitations
period. She contends all the acts alleged in her petition took place within the
applicable limitations period. 
          We already have determined that the trial court did not abuse its discretion in
dismissing De Leon’s claims following her failure to amend. Thus, we need not address
her remaining issue. See Tex. R. App. P. 47.1. 
          The judgment of the trial court is AFFIRMED.                                    

                                                                                      _______________________
                                                                                      LINDA R. YAÑEZ,
                                                                                      Justice
 
 
Memorandum opinion delivered and filed 
this the 5th day of August, 2004.