NUMBER 13-02-460-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________
 
MANUEL GALLARDO, JR. AND 
MICHAEL P. O’BRIEN,                                                     Appellants,

v.

TCI CABLEVISION OF TEXAS, INC. 
AND AT&T CORPORATION,                                             Appellees.
___________________________________________________________________

On appeal from the 28th District Court
of Nueces County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez

            Appellants, Manuel Gallardo, Jr. and Michael P. O’Brien, appeal from a trial court
order dismissing appellants’ claims with prejudice. By two issues, appellants contend
the trial court erred (1) in granting special exceptions filed by appellees, TCI
Cablevision of Texas, Inc. and AT&T Corporation, and (2) in dismissing appellants’
claims with prejudice. We affirm. 
I. FACTSAs this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. SPECIAL EXCEPTIONS
         By their first issue, appellants challenge the trial court’s decision to grant
appellees’ special exceptions. Specifically, appellants argue that their petitions
properly stated a cause of action for usury, penalty, unconscionability, and alleged
facts which raise justiciable issues sufficient to invoke application of the Uniform
Declaratory Judgments Act. We will address each claim in turn.
A. Standard of Review
         Special exceptions are generally filed to force clarification of vague pleadings;
however, they may also be used to determine whether the plaintiff has stated a cause
of action permitted by law. Tex. R. Civ. P. 91; San Benito Bank & Trust Co. v.
Travels, 31 S.W.3d 312, 317 (Tex. App.–Corpus Christi 2000, no pet.). When an
appellant attacks a trial court’s order sustaining special exceptions and dismissing a
cause of action, we review the pleadings to determine whether the trial court abused
its discretion in sustaining the special exceptions. NationsBank of Tex., N.A. v. Akin,
Gump, Hauer & Feld, L.L.P., 979 S.W.2d 385, 395 (Tex. App.–Corpus Christi 1998,
pet. denied). However, the issue of whether a petition states a claim is a question of
law which we review de novo. Mowbray v. Avery, 76 S.W.3d 663, 677 (Tex.
App.–Corpus Christi 2002, pet. denied). In conducting our review we construe the
pleadings liberally, accepting as true all of the factual allegations set forth therein. Holt
v. Reproductive Serv., Inc., 946 S.W.2d 602, 604 (Tex. App.–Corpus Christi 1997,
writ denied).
         If the trial court sustains the special exceptions for failure to state a cause of
action, it must allow the pleader an opportunity to amend. Friesenhahn v. Ryan, 960
S.W.2d 656, 658 (Tex. 1998). The party may then either (1) amend the pleadings to
cure the defect, or (2) stand on the pleadings and test the trial court’s decision on
appeal. Moseley v. Hernandez, 797 S.W.2d 240, 242 (Tex. App.–Corpus Christi
1990, no writ). If the pleader refuses or fails to amend, as in this case, the trial court
does not err in dismissing the cause of action. Holt, 946 S.W.2d at 604. 
Furthermore, dismissal is properly made with prejudice if a plaintiff fails to amend
deficient pleadings when given that opportunity. Lentworth v. Trahan, 981 S.W.2d
720, 722-23 (Tex. App.–Houston [1st Dist.] 1998, no pet.). 
B. Usury 
         Appellants first contend that they properly pled a usury cause of action, and
therefore, the trial court erred in granting appellees’ special exceptions. The issue here
is whether the late fees charged by appellees constitute interest for purposes of the
Texas usury statutes.
         Interest is the compensation for the use, forbearance, or detention of money. 
Tex. Fin. Code Ann. § 302.002(a)(4) (Vernon Supp. 2004). Usurious interest means
interest that exceeds the maximum amount allowed by law. Id. § 302.002(a)(17). 
If there is no interest, there can be no basis for usury. First Bank v. Tony’s Tortilla
Factory, Inc., 877 S.W.2d 285, 287 (Tex. 1994). Usury statutes are penal in nature
and therefore should be strictly construed. Id. 
         In Garcia v. Texas Cable Partners, this Court recently addressed the same issue
we are presented with here; whether late fees charged by a cable-television provider
amount to usury under the Texas Finance Code. See Garcia v. Tex. Cable Partners,
L.P., 114 S.W.3d 561, 562-63 (Tex. App.–Corpus Christi 2003, no pet.). In finding
that the late fees did not amount to interest, this Court stated that:
[T]he five-dollar administrative late fee is not a loan; rather, appellees
assessed the fee as a reasonable advance estimate of the costs resulting
from late payment or nonpayment of the monthly cable bill. . . . [T]here
is no dispute that the five-dollar administrative late fee was charged to
all customers in the same amount and that the amount of the late fee had
no relationship to the amount which the customer owed on the bill. 
Following the rationale in Maloney, Tygrett, Rimco, First Bank, and
Rivera, we hold that because no lending transaction was involved in this
case, there was no use, forbearance or detention of a lender’s money. 
Therefore, the late fee does not constitute interest as defined in section
301.002(a)(4) of the Texas Finance Code.

Id. at 566 (citations omitted).
         Presented with the identical issue and similar facts, we find our rationale and
holding in Garcia applicable and controlling in this case.


 We conclude, therefore, that
as a matter of law the late fees charged by appellees in this case are not interest. 
Thus, appellants’ petitions failed to state a claim for usury under Texas law.
C. Penalty
         Appellants next contend that the trial court erred in granting appellees’ special
exceptions because they properly pled a cause of action to recover (1) penalties paid
on a contract to pay money, and (2) penalties paid pursuant to a liquidated damages
clause. Appellees counter that such claims for relief do not exist under Texas law. 
We agree with appellees’ contention.
         A review of Texas case law reveals that penalty is an affirmative defense and
not an independent cause of action. See Phillips v. Phillips, 820 S.W.2d 785, 789
(Tex. 1991) (holding that under language of Texas Rule of Civil Procedure 94, penalty
is matter constituting an avoidance or affirmative defense). With the exception of TCI
Cablevision of Dallas, Inc. v. Owens, 8 S.W.3d 837 (Tex. App.–Beaumont 2000, pet.
dism’d by agr.), all of the cases cited in support of appellants’ argument involve
penalty as a defense to a contract action, not as an affirmative claim for relief. 
Although Owens did contain a claim for recoupment of late fees on the theory that the
fees were unenforceable penalties, the issue discussed in that case was class
certification and not the viability of the recoupment claim. Therefore, finding no
authority supporting the existence of a penalty cause of action, we conclude that
appellants’ petitions have failed to state a cause of action under Texas law.
         Furthermore, we note that appellants’ penalty claims are simply a restatement
of their usury causes of action. Both of the penalty claims involve payment of the
same late fees which form the basis of the usury causes of action. Appellants’
petitions first allege that the late fees charged by appellees constitute usurious interest
and then attempt to create two additional grounds for recovery by labeling the late
fees a penalty. We can only conclude that the penalty claims are in essence usury
claims. As such, they would fail for the reasons the usury claims fail. Moreover, the
relief sought by appellants under these additional claims would not be permitted as the
penalties for usury provided in the finance code are exclusive. See Tex. Fin. Code Ann.
§ 305.007 (Vernon Supp. 2004). Appellants are relegated to recovery under the
penalties set forth under chapter 305. See id.
D. Unconscionable Consumer Lease
         Appellants also contend they properly pled a cause of action for
unconscionability related to a consumer lease, and therefore, the trial court erred in
granting appellees’ special exceptions. See Tex. Bus. & Com. Code Ann. § 2A.108
(Vernon 1994).
         Under the Texas Business and Commerce Code, an unconscionable action or
course of action means an act or practice which, to a consumer’s detriment, takes
advantage of the lack of knowledge, ability, experience, or capacity of the consumer
to a grossly unfair degree. Id. § 17.45(5) (Vernon 2002). To prove an unconscionable
action or course of action, the plaintiff must show the defendants took advantage of
his lack of knowledge and that the resulting unfairness was glaringly noticeable,
flagrant, complete, and unmitigated. Cooper v. Lyon Fin. Servs., Inc., 65 S.W.3d 197,
207 (Tex. App.–Houston [14th Dist.] 2001, no pet.). 
         After reviewing appellants’ pleadings, we find that the facts alleged, even if
taken as true, fail to give rise to an unconscionability cause of action under the
standard set forth above. Therefore, the trial court did not err in granting appellees’
special exceptions as to this claim.
E. Uniform Declaratory Judgment ActAppellants lastly argue that they properly alleged declaratory judgment relief. 
To the extent we can construe appellants’ petition to request such relief, appellants
appear to be seeking a declaratory judgment that: (1) both the penalty clause and the
liquidated damage clause contained in the contract with defendant are unenforceable,
and the sums paid under both clauses should be returned; and (2) the consumer lease
contained a liquidated damage clause which was procured through unconscionable
conduct and is therefore void.
1. Penalty and Liquidated Damage Clause
         Appellants seek a declaration that the penalty clauses under which the late fees
are charged are unenforceable and that the money paid from the clauses should be
returned to the appellants. As noted earlier, appellants’ penalty claims are simply
restatements of their usury causes of action. Under these circumstances Texas law
does not permit the declaratory relief sought by appellants. See Tex. Fin. Code Ann.
§ 305.007 (stating that penalties provided within that chapter are exclusive penalties
for usury cause of action).
         Furthermore, by restating their usury causes of action as penalty claims and
seeking a return of the fees paid, appellants are attempting to obtain a declaratory
judgment as an alternate ground for recovery, which is impermissible by law. See
Watts v. City of Houston, 126 S.W.3d 97, 105-06 (Tex. App.–Houston [1st Dist.]
2003, no pet.). The purpose of the Declaratory Judgments Act is “to settle and to
afford relief from uncertainty and insecurity with respect to rights, status, and other
legal relations.” Tex. Civ. Prac. & Rem. Code Ann. § 37.002(b) (Vernon 1997). The
statute cannot be invoked as an affirmative ground of recovery to revise or alter such
rights or legal relations. Republic Ins. Co. v. Davis, 856 S.W.2d 158, 164 (Tex.
1993). Thus, appellants were not entitled to declaratory judgment relief. 
2. Consumer Lease
         Appellants also seek a declaration by the trial court that the liquidated damage
clause is void because “unconscionable conduct has occurred in procuring the
liquidated damage clause for loss or damage to the equipment defendant leases to
plaintiff.” However, as discussed above, appellants have not alleged facts in their
petitions which constitute unconscionable conduct. Therefore, the trial court did not
abuse its discretion in granting appellees’ special exceptions related to this declaratory
judgment relief.
F. Special Exceptions Conclusion
         Having determined that appellants’ petitions failed to state any actionable cause
of action, we conclude the trial court did not abuse its discretion in granting appellees’
special exceptions. See NationsBank, 979 S.W.2d at 395. Appellants’ first issue is
overruled.
 
III. DISMISSAL WITH PREJUDICE
         By their second issue, appellants contend that the trial court erred in dismissing
their causes of action with prejudice. Appellants’ pleadings failed to state a cause of
action, and because appellants refused to amend these deficient pleadings, we
conclude that the trial court did not err in dismissing appellants’ case with prejudice. 
See Holt, 946 S.W.2d at 605; Lentworth, 981 S.W.2d at 722-23. Appellants’ second
issue is overruled.
IV. CONCLUSION
         Accordingly, the trial court’s order is affirmed.
 
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Memorandum Opinion delivered and 
filed this 31st day of August, 2004.