# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-10-00405-CV

**Muhammad Y. Ahmed, Appellant**

**v.**

**Randall R. Mallory, Appellee**

### FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-09-006375, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant Muhammad Y. Ahmed appeals from the trial court's order dismissing his suit against appellee Randall R. Mallory for wrongful termination of a lease agreement, fraud, and conversion of personal property. Ahmed contends that the trial court erred in granting Mallory's motion to dismiss for failure to comply with the court's order granting special exceptions. We affirm the order of dismissal.

### BACKGROUND

Between 2006 and 2008, Ahmed operated a convenience store and gas station on property that he leased from Mallory. On December 9, 2008, Mallory terminated the lease and took possession of the property. Ahmed filed a suit against Mallory for forcible entry and detainer. The county court at law found that Mallory had lawfully terminated the lease and awarded Mallory the right to possession. Ahmed appealed that decision, and this Court, in appellate cause number 03-09-00180-CV, dismissed the appeal for want of jurisdiction. *See* Tex. Prop. Code Ann.

§ 24.007 (West 2000) (stating that in non-residential eviction suits, final judgment of county court may not be appealed on issue of possession).

Ahmed then filed a new suit in county court for damages that he alleged were caused by Mallory's termination of the lease and lockout, asserting causes of action for conversion, fraud, and wrongful lockout. To support his conversion claim, Ahmed alleged that "[t]he fair market value of the property at the time and place of conversion was in excess of $150,000.00." Ahmed described the contents of the store at that time as including "approximately $10,000 in cash . . . , lottery tickets in addition to merchandise and inventory of a nature customary to convenience stores and . . . valuable improvements in the store as well as counters, cabinets, chairs, cash register type of equipment, [and] remote equipment for operating a self service gasoline station."

Mallory filed a general denial and special exceptions. These special exceptions included claims that the petition failed to specify the personal property that was allegedly converted and, though the petition alleged that the fair market value of the property exceeded $150,000, it "fail[ed] to specify each item that was converted and the value of that item." The trial court granted the majority of Mallory's special exceptions, including both special exceptions related to the conversion claim, and ordered Ahmed to re-plead. With respect to the conversion claim, the trial court ordered Ahmed to "stat[e] with specificity the property that [Ahmed] asserts that [Mallory] converted" and "specify each item that was converted and the value of that item."[1]

Ahmed then filed a first amended petition, alleging that when the lease was terminated, he "had merchandise and inventory in the store including approximately $10,000.00 in

_____

[1] During the hearing on the special exceptions, Ahmed's attorney represented to the court that he would be able to specify the property that was converted and the value of that property.

2

cash, lottery tickets, furniture, fixtures and equipment as is customary in a business of this nature which also included counters, cabinets, chairs, cash register and remote equipment for operating a self service gasoline station, all together having a value greater than $100,000.00." He further alleged that the records regarding the inventory were inside the store and that he was not able to review them. Ahmed claimed that he was entitled to damages based on "lost benefits of lease contract," "loss of lease purchase agreement," "loss of profits," and "conversion of property."

In response to the first amended petition, Mallory filed a motion to dismiss, claiming that the first amended petition failed to comply with the court's order granting the special exceptions and did not give Mallory fair notice of the claims to be asserted at trial. The court granted Mallory's motion with respect to all of Ahmed's claims with the exception of the claim for conversion. At the hearing on the motion to dismiss, the trial court clarified that the sole issue remaining in the case was whether Ahmed was entitled to damages based on the difference between the value of the personal property inside the building and Mallory's lien on the property.

Ahmed then filed a second amended petition, re-urging his previously dismissed claim for breach of lease contract. He did not specify a cause of action for conversion, but did assert that the damages he suffered as a result of Mallory's breach included the loss of certain property that was "confiscated" by Mallory.[2] Ahmed identified this property as "[a]ll of his inventory, furniture and fixtures and personal property in the store," a sum of $10,000 in cash, an ATM machine of unspecified value, and an unspecified number of lottery tickets.

---

[2] The second amended petition was titled, "Plaintiff's Second Amended Petition for Breach of Lease Contract, Conversion, and Other Injury," but the contents of the petition asserted only a claim for breach of lease contract.

Mallory filed a second motion to dismiss, claiming that Ahmed disregarded the court's previous order granting the special exceptions and requiring Ahmed to re-plead the conversion claim. Mallory also argued that Ahmed had improperly attempted to re-plead his previously dismissed claim related to wrongful termination of the lease. The court granted the motion and dismissed the case in its entirety with prejudice. This appeal followed.

## STANDARD OF REVIEW

The trial court has broad discretion to sustain special exceptions and order more definite pleadings. *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007); *West Orange-Cove Consol. Indep. Sch. Dist. v. Alanis*, 107 S.W.3d 558, 583 (Tex. 2003). Where the trial court grants special exceptions and the plaintiff refuses or fails to comply with the order, the court does not err in dismissing the cause of action. *Holt v. Reproductive Servs., Inc.*, 946 S.W.2d 602, 605 (Tex. App.—Corpus Christi 1997, writ denied); *Cole v. Hall*, 864 S.W.2d 563, 566 (Tex. App.—Dallas 1993, writ dism'd w.o.j.) (en banc). Dismissal with prejudice is proper if the plaintiff fails to amend deficient pleadings when given the opportunity to do so. *See Lentworth v. Trahan*, 981 S.W.2d 720, 722-23 (Tex. App.—Houston [1st Dist.] 1998, no pet.); *Hubler v. City of Corpus Christi*, 564 S.W.2d 816, 823 (Tex. Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.).

## DISCUSSION

Ahmed argues that the trial court erred in dismissing his case because (1) his second amended petition sufficiently alleged a cause of action for conversion and (2) even if the allegations supporting the conversion claim were insufficient, the trial court should have given him the

4

opportunity to re-plead his claim and cure any defects. While Ahmed takes the position on appeal that the trial court dismissed his suit for failure to state a cause of action, we note that Mallory's motion to dismiss urged two relevant grounds for dismissal. First, Mallory argued that Ahmed failed to plead a cause of action for conversion based on the difference between the value of his personal property in the store and the amount of Mallory's lien. Second, he argued that Ahmed failed to comply with the court's order on special exceptions because he did not plead "the value and description of that property" allegedly converted. Because no findings of fact or conclusions of law were requested or filed, the trial court's judgment may be affirmed on any legal theory supported by the record. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). Thus, to determine whether it was error to dismiss Ahmed's second amended petition, we will first look to whether Ahmed refused or failed to comply with the trial court's special exceptions order. *See Cole*, 864 S.W.2d at 566.

While Ahmed does not raise a separate point of error on appeal challenging the trial court's order granting Mallory's special exceptions, an appellant complaining of the dismissal of a cause of action following a special exceptions order first must attack the trial court's granting of the special exceptions and then the decision to dismiss. *See id.* Here, the trial court acted within its discretion in determining that the assertions in Ahmed's original petition regarding the conversion cause of action were too vague to give Mallory fair notice to defend the claim. *See Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007) (holding that pleadings are judged by standard of fair notice to determine if other party would know nature of each cause of action, basic issues, and type of evidence relevant to defend causes of action). Ahmed's original petition asserted that Mallory

5

converted "approximately $10,000 in cash . . . , lottery tickets in addition to merchandise and inventory of a nature customary to convenience stores and . . . valuable improvements." He did not specify the value of any of the property that he claimed Mallory converted or give any indication as to how he calculated that the value of the property was in excess of $150,000. Under the circumstances presented here, we cannot conclude that the trial court abused its broad discretion in granting the special exceptions.

When a trial court sustains special exceptions, it must give the pleader an opportunity to cure the defects by amending the petition unless the defects cannot be cured. *Sonnichsen*, 221 S.W.3d at 635; *see also Parker v. Barefield*, 206 S.W.3d 119, 120 (Tex. 2006) ("[O]nce the trial court sustains the special exceptions, if the defect is curable, it must allow the pleader an opportunity to amend."). If the pleader fails or refuses to comply with the order granting the special exceptions, it is not error to dismiss the cause of action. *Holt*, 946 S.W.2d at 605; *Cole*, 864 S.W.2d at 566.

After the trial court granted the special exceptions, Ahmed filed two amended petitions. In his first amended petition, Ahmed identified the allegedly converted property using language similar to that language used in his original petition. He asserted that the converted property included about $10,000 in cash, lottery tickets, furniture, fixtures, and equipment "all together having a value greater than $100,000.00." Ahmed alleged that the fixtures and equipment "included counters, cabinets, chairs, cash register and remote equipment," but did not indicate that this was an exhaustive list, give the value of any individual item, or explain how he determined that the total property value was more than $100,000.[3]

---

[3] Ahmed contends that, by denying Mallory's motion to dismiss the conversion claim after the first amended petition was filed, the trial court impliedly found that his allegations were

In his second amended petition, Ahmed identified the "confiscated" property as an ATM machine of unspecified value, lottery tickets of unspecified value, $10,000 in cash, and "[a]ll of his inventory, furniture and fixtures and personal property in the store." He did not specify the items that he considered to be "personal property in the store," nor did he allege a total value for the confiscated property. Further, Ahmed did not identify this property in connection with any claim for conversion, but in the portion of his petition alleging damages resulting from Mallory's breach of the lease contract. Ahmed's second amended petition reflects no attempt to comply with the trial court's order that he re-plead "to specify each item that was converted and the value of that item."

Ahmed was twice given the opportunity to re-plead and cure the defects in his conversion cause of action. Despite amending his pleadings twice, Ahmed failed to comply with the trial court's order to re-plead to state "with specificity the property that [Ahmed] alleges that [Mallory] converted" and "to specify each item that was converted and the value of that item."[4] Because Ahmed failed to amend his petition to comply with the court's order, the court did not err in dismissing his suit. *See Holt*, 946 S.W.2d at 605; *Cole*, 864 S.W.2d at 566. Ahmed's first point of error is overruled.

---

sufficient to comply with the special exceptions order. At the hearing on the first motion to dismiss, however, the trial court stated that while a claim for the difference in the value of the property converted and the value of Mallory's lien could survive "to some degree," Ahmed had not yet pleaded facts sufficient to determine "what that difference is." This statement reflects that the court's decision to deny the first motion to dismiss as to the conversion claim does not represent an implied finding that Ahmed had complied with the special exceptions order on that cause of action.

[4] While Ahmed did state in his first amended petition that the records regarding the store's inventory were in the store at the time that Mallory regained possession of the property, he did not argue to the trial court, nor does he argue on appeal, that this situation prevented him from pleading the conversion claim with sufficient specificity.

In his second point of error, Ahmed argues that his case should not have been dismissed because he was not given the opportunity to amend his second amended petition to cure any defects. He contends that because he made a good-faith attempt to comply with the special exceptions order, Mallory was required to specially except to the second amended petition and the court was required to give Ahmed another opportunity to re-plead. *See Humphreys v. Meadows*, 938 S.W.2d 750, 753 (Tex. App.—Fort Worth 1996, writ denied) ("[I]f a plaintiff makes a good faith attempt to amend his petition . . . the trial court may not dismiss the plaintiff's amended petition unless . . . the court gives the plaintiff the opportunity to amend the revised pleadings."); *Albright v. Texas Dep't of Human Servs.*, 859 S.W.2d 575, 582 (Tex. App.—Houston [1st Dist.] 1993, no writ). As discussed above, Ahmed made no discernible effort to comply with the special exceptions order as it related to the conversion claim, despite having two opportunities to do so. Because we cannot conclude that Ahmed made a good-faith attempt to comply with the order on special exceptions, we hold that the trial court did not err in dismissing the conversion claim without allowing Ahmed to amend his petition for a third time.[5] Ahmed's second point of error is overruled.

---

[5] Ahmed cites two cases for the proposition that, even if it was proper to dismiss the suit, it should not have been dismissed with prejudice. *See Barcroft v. County of Fannin*, 118 S.W.3d 922, 927 (Tex. App.—Texarkana 2003, pet. denied) ("[A] trial court should not dismiss a plaintiff's claims with prejudice if the pleadings state a valid cause of action and the pleading defect can be cured by amendment."); *Kutch v. Del Mar College*, 831 S.W.2d 506, 508 (Tex. App.—Corpus Christi 1992, no writ). Ahmed was given more than one opportunity to cure the defect in his pleadings, but failed to do so. Thus, dismissal with prejudice was not error. *See Lentworth v. Trahan*, 981 S.W.2d 720, 722-23 (Tex. App.—Houston [1st Dist.] 1998, no pet.) ("Dismissal is properly made with prejudice . . . on the failure of a plaintiff to amend deficient pleadings when given that opportunity."); *see also Hubler v. Corpus Christi*, 564 S.W.2d 816, 823 (Tex. Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.).

**CONCLUSION**

We affirm the trial court's order of dismissal.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed:   July 21, 2011