

# NUMBER 13-22-00279-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

KIMBERLY PICKENS, AS ADMINISTRATOR
FOR AND ON BEHALF OF THE
ESTATE OF RAJOLEI DEJAHL PICKENS,
INDIVIDUALLY, AND AS NEXT FRIEND
OF WILLIAM PICKENS, DIEGO AJANI PICKENS,
JUDAH NIRVAN PICKENS, AND
ARUN GIL PICKENS,                                           Appellant,

v.

ROBERT J. HEWITT,                                           Appellee.

## ON APPEAL FROM THE 267TH DISTRICT COURT
OF VICTORIA COUNTY, TEXAS

## MEMORANDUM OPINION

Before Chief Justice Contreras and Justices Longoria and Peña
Memorandum Opinion by Justice Longoria

Appellant Kimberly Pickens, as administrator for and on behalf of the Estate of Rajolei Dejahl Pickens, individually, and as next friend of William Pickens, Diego Ajani Pickens, Elijah Sol Pickens, Judah Nirvan Pickens, and Arun Gil Pickens, minors, appeal from the trial court's granting of summary judgment in favor of appellee Robert J. Hewitt. In three issues, appellant challenges the trial court's holdings that: (1) appellant did not have standing to sue Hewitt as she was not in privity of contract, (2) a premises liability case "must be based on a condition 'of' the premises," and (3) the estate of Rajolei was not a legal entity that could sue or be sued. We affirm in part and reverse and remand in part.

## I.    BACKGROUND

On March 21, 2019, Rajolei was found dead on the outdoor patio of The Downtown Grill in Victoria, Texas. The Downtown Grill is owned and operated by Jamie Bowman. Bowman leased the premises from Hewitt. According to appellant's original petition brought against Bowman, The Downtown Grill "served Rajolei with an exorbitant amount of alcohol." The petition further alleged that even after Rajolei "presented a clear danger to himself and others," The Downtown Grill continued to serve him alcohol. The petition states:

> Later that night, R[a]jolei was on the bar patio. He told employees and owners of The Downtown Grill he was not feeling well, and he wanted to go home. Seeing that he was intoxicated, employees and agents of The Downtown Grill took R[a]jolei's medical wellbeing and care upon themselves and decided to not let him leave. Instead, The Downtown Grill kept R[a]jolei on the patio and laid him on a bench. EMS was not called and R[a]jolei was not monitored. Employees and agents of The Downtown Grill left R[a]jolei on the patio unattended. They closed and locked the bar for the night. R[a]jolei was left alone, passed out, and dangerously intoxicated from over service.

2

Rajolei's body was "found lifeless" on the patio the next afternoon by the employees of The Downtown Grill. Rajolei's cause of death was determined to be "complications from acute alcohol intoxication." Bowman answered with a general denial. Appellant subsequently filed an amended petition, adding Hewitt as a defendant and adding claims for negligence and premises liability based on Hewitt's failure to evict Bowman despite knowing that Bowman violated the lease terms. Hewitt answered with a general denial which he later amended to include a statement that appellant does not "have the legal capacity to sue [Hewitt] as alleged in [the] petition and further that Defendant Hewitt is not liable in the capacity in which he has been sued as he is not an owner or proprietor of the 'Downtown Bar & Grill.'"

Hewitt then filed special exceptions and appellant amended her petition for a second time, alleging causes of action against Hewitt for "negligence in failing to evict." Appellant alleged that Hewitt retained the right to evict Bowman for violations of various state laws, including the overservice of alcohol. Hewitt filed a traditional and no evidence motion for summary judgment, asserting that appellant lacked standing to make a claim under the lease agreement between Hewitt and Bowman. Hewitt stated that he owed no duty to appellant and additionally asserted that the estate of Rajolei "is not a legal entity and does not have capacity to sue or be sued." To his motion, Hewitt attached appellant's second amended petition, the lease agreement between Hewitt and Bowman, and excerpts of Bowman's deposition.

Appellant filed her third amended petition maintaining her claim for negligence against Hewitt and adding a premises liability cause of action against him, asserting that

3

the overservice of alcohol was a dangerous condition that Hewitt owed a duty to make safe through Bowman's eviction. Appellant also filed a response to Hewitt's traditional and no evidence summary judgment motion, attaching the lease agreement between Hewitt and Bowman as well as an "Alcohol Beverage Practices Report" by her expert, John A. Cocklin. The expert report detailed the incident with Rajolei, but it also presented a detailed accounting of incidents that occurred at the Downtown Grill beginning in 2010 until Rajolei's death in 2019. According to the expert report, from 2010 until Rajolei's death in 2019, there were over fifty reports of criminal activity, including overly intoxicated individuals, at the Downtown Grill. The report explained that there were numerous bar fights, incidents of drug use, incidents in which several customers needed a taxi called due to their intoxication, and even an incident where a male was found sleeping in the outside dumpster by a waste removal company.

Hewitt filed a supplemental no evidence motion for summary judgment addressing the third amended petition and reiterating the grounds contained in his first motion, to which appellant replied. The trial court held a hearing on the pending motions and entered an order granting Hewitt's traditional and no evidence motion for summary judgment. Hewitt moved to sever the claims against him and also requested an amended order to include a ruling on his supplemental summary judgment motion. The trial court signed an order severing the matter and stated a supplemental order "is to be entered," but the record does not contain a supplemental order. Appellant filed a notice of appeal. This Court abated the appeal to determine finality. The trial court signed a clarifying order in which it confirmed that the supplemental summary judgment motion was also granted.

4

The appeal was then reinstated.

## II.    SUMMARY JUDGMENT

Appellant raises three issues on appeal challenging the trial court's grant of summary judgment.

### A.    Standard of Review

We review a summary judgment de novo. *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015). A party may move for both a traditional and a no-evidence summary judgment at the same time. *Stierwalt v. FFE Transp. Servs., Inc.*, 499 S.W.3d 181, 194 (Tex. App.—El Paso 2016, no pet.); *see also* TEX. R. CIV. P. 166a(c), (i). If we determine the no-evidence summary judgment was properly granted, we need not reach arguments under the traditional motion for summary judgment. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).; TEX. R. APP. P. 47.1.

In a no-evidence summary judgment motion, the defendant must show that adequate time for discovery has passed, and the plaintiff has failed to produce any evidence to support one or more essential elements of a claim for which the plaintiff would bear the burden of proof at trial. TEX. R. CIV. P. 166a(i); *KCM Fin. LLC*, 457 S.W.3d at 79. We review a no-evidence motion for summary judgment under the same legal sufficiency standard used to review a directed verdict. *See Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). Once a no-evidence motion is filed, the burden shifts to the nonmoving party to present evidence that raises a genuine issue of material fact as to each element specified in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The trial court must grant a no-evidence motion for summary judgment

5

unless the respondent produces summary judgment evidence raising a genuine issue of material fact. TEX. R. CIV. P. 166a(i). When reviewing a no-evidence summary judgment, we "review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mack Trucks*, 206 S.W.3d at 582.

A defendant moving for traditional summary judgment must state the specific grounds for the motion and further show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KCM Fin. LLC*, 457 S.W.3d at 79. A defendant who conclusively negates at least one essential element of a cause of action or conclusively establishes all the elements of an affirmative defense is entitled to summary judgment. *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013). The non-moving party is not required to marshal all of its proof in response to a summary judgment motion, but it must present evidence that raises a genuine fact issue on the challenged elements. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

**B.      Analysis**

**1.      Negligence Cause of Action**

By her first issue, appellant argues that the trial court erred in finding that she did not have standing to sue because she did not have privity of contract to enforce the lease between Hewitt and Bowman. Appellant argues that privity of contract is not required because she has standing "under a premises liability theory." Specifically, appellant argues that she is not trying to establish third party standing to enforce the lease, but

6

rather to "to show Robert Hewitt's reservation [of his right to evict] and intent to evict should Jamie Bowman and The Downtown Grill use the premises for a criminal purpose or allow others to commit crimes on the premises." Appellant urges that she brought a "premise[s] liability cause of action and not a third-party breach of contract case." However, in her claim against Hewitt for negligence in failing to evict, appellant argues that Hewitt retained the right to evict Bowman and that Hewitt "had actual and/or constructive knowledge" of lease violations, specifically including prior violations concerning overservice of alcohol on the property.

The common law doctrine of negligence consists of three elements: (1) a legal duty owed by one person to another, (2) a breach of that duty, and (3) damages proximately resulting from the breach. *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990); *Holt v. Reproductive Servs., Inc.*, 946 S.W.2d 602, 605 (Tex. App.—Corpus Christi–Edinburg 1997, writ denied). The threshold inquiry in a negligence case is duty. *Holt*, 946 S.W.2d at 605. Appellant's argument is solely focused on her premises liability action. Appellant presented no evidence at trial, and presents no argument on appeal, as to how Hewitt owed a duty to appellant to evict. Therefore, the trial court did not err in dismissing the negligence cause of action. *See id.* We overrule appellant's first issue as it relates to the negligence cause of action.

### 2. Premises Liability Cause of Action

In his supplemental no evidence summary judgment motion, Hewitt argued that there was no evidence "of a condition that posed an unreasonable risk of harm," and as such, appellant's premises liability cause of action fails.

7

To succeed on a premises liability claim, an invitee must prove the following elements: (1) actual or constructive knowledge of a condition on the premises by the owner or occupier; (2) that the condition posed an unreasonable risk of harm; (3) that the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner or occupier's failure to use such care proximately caused the plaintiff's injury. *CMH Homes, Inc. v. Daenen*a, 15 S.W.3d 97, 99 (Tex. 2000). Premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010). Criminal activity at a bar has been held to be a condition that poses an unreasonable risk of harm. *See id.* Hewitt, however, argues that there was no evidence to support an argument that there was a condition on the property that posed an unreasonable risk of harm. Appellant presented evidence that there was a history of criminal activity related to the overserving of alcohol on the premises, specifically the expert report detailing that there were over fifty reports of criminal activity, including overly intoxicated individuals, at the Downtown Grill. The evidence that on multiple prior occasions there was criminal activity, including the overservice of alcohol to patrons, at the location, raises a fact issue as to the element of whether "an unreasonable risk or harm" existed on the property. Accordingly, we sustain appellant's issue as it relates to her premises liability claim.

### 3. Legal Entity

In her final issue, appellant argues it was error for the trial court to grant summary judgment on Hewitt's argument that the "Estate of Rajolei Dehahl Pickens 'is not a legal

entity and does not have capacity to sue of be sued.'" Appellant contends that Hewitt's argument is unfounded because she is the administrator of Rajolei's estate and has full capacity to bring the survival action. We agree. In general, only the estate's personal representative has the capacity to bring a survival claim. *Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex. 1971) ("[T]he personal representative . . . is ordinarily the only person entitled to sue for the recovery of property belonging to the estate."); *see also Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex.1998). Accordingly, in her capacity as the personal representative of Rajolei's estate, appellant had the capacity and standing to bring a survival claim. Therefore, to the extent the trial court granted summary judgment on this argument, it was error. We sustain appellant's third issue.

### III. CONCLUSION

We affirm the trial court's judgment granting of summary judgment as to appellant's negligence action. We reverse the remainder of the judgment and remand for further proceedings consistent with this memorandum opinion.

NORA L. LONGORIA
Justice

Delivered and filed on the
27th day of June, 2024.

9