FORD V. PERFORMANCE AIRCRAFT

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-314-CV

GARY FORD AND BLINDA FORD APPELLANTS

V.

PERFORMANCE AIRCRAFT SERVICES, INC. APPELLEES

AND ROBERT JONES

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

This case involves the propriety of the trial court’s order dismissing appellants Gary and Blinda Ford’s negligence, failure to warn, and strict liability claims against appellees Performance Aircraft Services, Inc. and Robert Jones for the Fords’ failure to amend their pleadings within the time specified by the trial court.  In four issues, the Fords contend that the trial court abused its discretion by sustaining appellees’ special exceptions to the Fords’ petition, dismissing the Fords’ case without trying lesser sanctions first, and dismissing the Fords’ case in light of their untimely first amended petition, which was filed before the trial court entered its dismissal order, and that it denied them due process.  We affirm.

Background Facts

The Fords filed suit against appellees alleging negligence, failure to warn, and strict liability in connection with Performance Aircraft’s use of chemicals to clean airplane parts in a hangar where Gary Ford worked.
(footnote: 1)  Appellees filed special exceptions to the Fords’ petition, alleging that the petition failed to state the maximum amount of damages pled in accordance with Texas Rule of Civil Procedure
 47; that it failed to give fair notice of the Fords’ claims against Jones, the president of Performance Aircraft, because it did not allege any facts that would support imposing liability upon Jones in his individual capacity; and that it did not give appellees fair notice of the products the Fords claimed were defective.  The trial court granted appellees’ special exceptions and gave the Fords nine months to replead.  The trial court’s order stated that if the Fords failed to replead within nine months, the case would be dismissed automatically.  

Eleven days after the nine-month deadline for repleading, on June 16, 2004, the Fords filed a motion to extend the time to amend the petition and to retain the case on the court’s docket.
(footnote: 2)  In their motion, the Fords contended that they missed the deadline due to their counsel’s inadvertence in failing to calendar the deadline.  Thus, they acknowledged that they failed to timely replead but asked the court not to dismiss their case because their failure was due to accident or mistake.
(footnote: 3)  The Fords filed a first amended petition on June 23, 2004.

At the hearing on the Fords’ motion, the Fords’ attorney testified that during the nine-month period, the Fords and appellees were trying to work out discovery issues.  In addition, he testified that this case was also the subject of an ongoing workers’ compensation claim in Louisiana and that the Louisiana case had taken precedence over this case since the beginning of 2004.  Counsel did not discover that the deadline had been missed until June 16, when he received a copy of a letter from opposing counsel to the trial court asking the court to sign a judgment of dismissal. 

Appellees’ counsel “stipulate[d] [to] mistake within the Craddock standard,” but stated that “[t]he only reason we are here today is they [the Fords] still have not pleaded in conformity with the order granting the special exceptions.”  Specifically, he contended that the untimely amended petition did not state the allegedly defective products with sufficient specificity and asked the court to, “at a minimum, dismiss[] . . . the claims as they relate to the product allegations.” 

The trial court determined that the case had been dismissed automatically on June 5, 2004 “due to [the Fords’] failure to replead their Petition” and signed an order dismissing the case without prejudice. 

Analysis

In their first, second, and third issues, the Fords claim that the trial court abused its discretion in sustaining the special exceptions and in dismissing the case.

Review of a trial court’s dismissal of a case based on the grant of special exceptions requires examination of two distinct rulings:  1) the decision to sustain the special exceptions; and 2) the decision to dismiss the cause of action.  
Mowbray v. Avery
, 76 S.W.3d 663, 678 (Tex. App.—Corpus Christi 2002, pet. denied).  If the decision to sustain the special exceptions was proper, we then review whether the decision to dismiss was appropriate.  
Id
.  An appellant must specifically challenge both rulings or face waiver of the respective issue not challenged.  
Id
.  Thus, we will initially address the Fords’ first issue challenging the trial court’s decision to grant appellees’ special exceptions.

Our supreme court has held that

Texas follows a “fair notice” standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant. . . .  “A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim.  The purpose of this rule is to give the opposing party information sufficient to enable him to prepare a defense.”

Horizon/CMS Healthcare Corp. v. Auld
, 34 S.W.3d 887, 896-97 (Tex. 2000) (quoting 
Roark v. Allen
, 633 S.W.2d 804, 810 (Tex. 1982)); 
see
 
Tex. R. Civ. P.
 45, 47.  A party may object to a defect of form or substance in a pleading by special exceptions, which must “point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations in the pleading excepted to.”  
Tex. R. Civ. P.
 90, 91.

We review a trial court’s order sustaining special exceptions for abuse of discretion.  
Mowbray
, 76 S.W.3d at 678.  The test for abuse of discretion is whether the court acted without reference to any guiding rules and principles or whether the act was arbitrary and unreasonable.  
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985).  A trial court has broad discretion in ruling on special exceptions.  
Mowbray
, 76 S.W.3d at 678-79.

Appellees’ first special exception objected to the Fords’ failure to state the maximum amount of monetary damages sought in their petition.  This is a proper special exception; therefore, the trial court did not abuse its discretion in sustaining it.  
See
 
Tex. R. Civ. P.
 47; 
McCaskell v. Methodist Hosp.
, 856 S.W.2d 519, 520 (Tex. App.—Houston [1st Dist.] 1993, no writ).

Appellees’ second special exception complains that the Fords’ original petition does not give fair notice of the Fords’ claims against Jones because it does not allege any facts upon which Jones would be liable in his individual capacity for actions taken in his official capacity as president of Performance Aircraft, nor does it state any theory upon which the Fords seek to hold Jones liable in an individual capacity.  The only places in which Jones is named in the original petition are the preamble, the paragraph providing his address for service, and the closing asking for a trial.  Although the original petition refers to “Defendants” throughout, the introduction to the part of the negligence paragraph setting out specific acts and omissions states that “Defendant Performance Aircraft Services, Inc. and its servants, employees and agents, acting within the course and scope of their employment” were negligent with respect to the listed acts and omissions.  Nothing in the original petition indicates on what basis the Fords sought to impose liability on Jones in his individual capacity.  
Cf. Schlueter v. Carey
, 112 S.W.3d 164, 169 (Tex. App.—Fort Worth 2003, pet. denied) (liberally construing pleading alleging that businesses were owned by same person and had not been operated as separate entities as alleging liability under alter ego theory in absence of special exception).  We hold that the trial court did not abuse its discretion in sustaining appellees’ second special exception.

Appellees’ third special exception contends that the Fords’ original petition does not give fair notice of the products that the Fords claim are defective; thus, appellees have no way of notifying the manufacturers of those products that a strict products liability case has been filed against appellees.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 82.002 (Vernon 2005) (providing for indemnification of seller of defective products by manufacturer).  Knowing the specific products that the Fords allege appellees were negligent in exposing Gary to is information necessary to appellees’ ability to defend against the allegation.  For instance, appellees might contend that they did not use the alleged products.  In addition, to obtain indemnification from the manufacturers of the products, appellees would need to know which products the Fords allege caused Gary’s chemical sensitivities so that they could identify the manufacturers.  Accordingly, we hold that the trial court did not abuse its discretion in sustaining appellees’ third special exception.  We overrule the Fords’ first issue.

Having determined that the trial court did not abuse its discretion in sustaining appellees’ special exceptions, we next address whether the trial court abused its discretion in dismissing the case.  A trial court may not dismiss a case after sustaining special exceptions without first giving the nonexcepting party an opportunity to amend its pleadings.  
Friesenhahn v. Ryan
, 960 S.W.2d 656, 658 (Tex. 1998); 
Marts v. Transp. Ins. Co.
, 111 S.W.3d 699, 706 (Tex. App.—Fort Worth 2003, pet. denied).  The nonexcepting party may then either 1) amend the pleadings to cure the defect or 2) stand on the pleadings and test the trial court’s decision on appeal.  
Mowbray
, 76 S.W.3d at 678.  If the pleader fails or refuses to amend the pleading, the trial court may dismiss the case.  
Holt v. Reproductive Servs., Inc.
, 946 S.W.2d 602, 604 (Tex. App.—Corpus Christi 1997, writ denied); 
Cole v. Hall
, 864 S.W.2d 563, 566 (Tex. App.—Dallas 1993, writ dism’d w.o.j.) (en banc).  If the remainder of the pleading does not state a cause of action, the trial court does not err in dismissing the entire case.  
Mowbray
, 76 S.W.3d at 678; 
Cole
, 864 S.W.2d at 566.  The right to amend does not extend to the privilege of multiple opportunities to amend in the face of repeated grants of special exceptions.  
Mowbray
, 76 S.W.3d at 678. 

The Fords contend the trial court abused its discretion in dismissing the case because it did not attempt lesser sanctions first and because they filed a first amended petition after the nine-month deadline but before the trial court signed an order of dismissal.  We disagree.

This case is very similar to that of 
Cruz v. Morris
, 877 S.W.2d 45 (Tex. App.—Houston [14th Dist.] 1994, no writ).  In that case, the trial court sustained the appellee’s special exception challenging the failure of the appellant’s pleading to state the maximum amount of damages claimed.  
Id
. at 46.  The trial court ordered the appellant to replead within thirty days or face dismissal of the damages parts of her pleading.  
Id
.  The appellant failed to file an amended pleading within the thirty-day period, and the trial court dismissed the sections of her pleadings related to damages.  
Id
.

One day after the dismissal, the appellant filed an amended pleading setting out specific damages amounts.  
Id
.  She later filed a motion to reinstate the parts of her pleading that the trial court had stricken, arguing that her failure to replead was “due to clerical error and attorney oversight, not a conscious intent to disregard the order.”  
Id
.  The trial court denied the motion.  
Id
.  The appellees did not file a motion to dismiss the appellant’s pleadings until over a year later when the appellant filed a first supplemental petition increasing the damages amounts she was claiming.  
Id
.  At that time, the appellees moved to dismiss both petitions, and the trial court granted the motion because without any damages allegations, the appellant’s pleadings failed to state a cause of action.  
Id
.

The Houston Fourteenth District Court of Appeals held that “the trial court’s actions, while perhaps severe, [were] within the bounds of her discretion in managing her docket.”  
Id
. at 47.  The appellate court noted that the trial court gave the appellant notice that it would strike the damages portions of the pleading if she did not comply with the repleading deadline, that the appellant did not object to the length of time given to replead, and that the trial court had fulfilled its obligation to allow the appellant an opportunity to replead.  
Id
. at 48.  The appellate court stated, “Although we may disagree with the severity of the action, we cannot say that such action is so arbitrary as to warrant our finding an abuse of discretion.”  
Id
.

Later, the Houston Fourteenth court relied on 
Cruz
 in 
Continental Casing Corp. v. Siderca Corp.
, 38 S.W.3d 782, 790-91 (Tex. App.—Houston [14th Dist.] 2001, no pet.), in which it held that the trial court did not abuse its discretion in striking Continental’s second and third petitions for failure to replead within seven days as ordered by the trial court.  Although Continental argued that its untimely repleading should be excused because the trial court’s order giving it seven days to replead was undated and “did not affirmatively state when the order was issued,” the appellate court held that it was not excused because “Continental’s counsel was chargeable with notice” of the date the order was issued.  
Id
. at 790.  Thus, the appellate court held that the trial court did not abuse its discretion in striking Continental’s petitions.  
Id
. at 791.

We find the facts of this case to be similar to those of 
Cruz
 and 
Continental
.  Although in 
Cruz
 the appellant filed her late repleading one day after the trial court had already entered an order dismissing the case, we do not consider that difference dispositive.  
See Cruz
, 877 S.W.2d at 46.  The Fords’ first amended petition—although filed before the trial court signed a dismissal order—was untimely pursuant to the trial court’s repleading order, which specifically stated that the case would be dismissed automatically if the Fords did not meet the deadline.  Thus, the trial court had discretion whether to consider the late-filed amended petition.  
See Continental
, 38 S.W.3d at 790-91.

In addition, we note that the Fords’ first amended petition omitted Jones as a party and did not include a maximum amount of damages claimed as to their strict products liability cause of action.  Thus, their first amended petition was subject to further special exceptions and also evidenced an intent to nonsuit the Fords’ claims against Jones individually.  
See Webb v. Jorns
, 488 S.W.2d 407, 409 (Tex. 1972) (stating rule that amended petition omitting a defendant operates as a voluntary dismissal as to that party); 
Cigna Ins. Co. v. TPG Store, Inc.
, 894 S.W.2d 431, 434 (Tex. App.—Austin 1995, no writ) (same).

Accordingly, we hold that the trial court did not abuse its discretion in dismissing the case after the Fords failed to replead within the nine-month deadline set by the trial court.  We overrule the Fords’ second and third issues.

In their fourth issue, the Fords contend that the trial court’s dismissal of their case violated their due process rights under article I, sections 13 and 19 of the Texas Constitution.  Article I, section 13, the “open courts provision,” guarantees that persons bringing common-law claims will not unreasonably or arbitrarily be denied access to the courts.  
Tex. Const
. art. I, § 13; 
Gilbert v. Bartel
, 144 S.W.3d 136, 145 (Tex. App.—Fort Worth 2004, pet. denied).  “The interpretation of this clause has been limited to considering the effect a statutory remedy has on a common law cause of action.”  
Sage v. Wong
, 720 S.W.2d 882, 885 (Tex. App.—Fort Worth 1986, writ ref’d n.r.e.).  It guards against legislative bodies arbitrarily withdrawing all legal remedies from a person having a cause of action well established and well defined in the common law.  
Id
.; 
see also Shah v. Moss
, 67 S.W.3d 836, 842 (Tex. 2001) (“[T]he Legislature cannot abrogate the right to bring a well-established common-law claim without showing that the statute’s objectives and purposes outweigh denying the constitutionally guaranteed right of redress.”).  

To invoke the open courts provision, a litigant must show that a statute has restricted a cognizable common law cause of action and that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute.  
Sage
, 720 S.W.2d at 885.  The Fords have not shown that any statute restricts their causes of action in this case.  The trial court’s dismissal was based on the Fords’ own actions in failing to replead.  Thus, the Fords have not shown a violation of article I, section 13 of the Texas Constitution.  
See id
. at 885-86. 

The Fords also contend that the trial court denied them due process under article I, section 19 of the Texas Constitution, citing
 TransAmerican Natural Gas Corp. v. Powell
, 811 S.W.2d 913, 918-19 (Tex. 1991).  In analyzing whether the trial court abused its discretion in ordering death penalty sanctions for discovery abuse, the court in 
TransAmerican
 cited a United States Supreme Court case holding that “[t]here are constitutional limitations upon the power of courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause.”  
Id
. at 918 (quoting 
Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers
, 357 U.S. 197, 209-10, 78 S. Ct. 1087, 1094 (1958)).  The Fords were not denied notice or hearing.  The record does not contain any evidence that the Fords challenged appellees’ special exceptions.  Additionally, like the appellant in 
Cruz
, the Fords did not object on the record to the trial court’s order giving them nine months to replead.  Furthermore, the trial court considered and held a hearing on the Fords’ motion to reinstate.  We hold that the Fords were not denied due process in violation of the Texas Constitution.  We overrule the Fords’ fourth issue.

Having overruled the Fords’ four issues, we affirm the trial court’s judgment.

 

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED:  September 8, 2005

FOOTNOTES
1:
Gary was employed by Northrop Grumman, and Performance Aircraft was performing contract work in the hangar for Northrop Grumman. 

2:
They later filed an amended motion, which requested the same relief and also added a request for a new trial to the extent the case was deemed automatically dismissed.

3:
Appellees did not challenge this assertion.