# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00488-CV

**Andre Joel Howard, Appellant**

**v.**

**Harris County Hospital District and TWCC, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. D-1-GN-05-003705, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Andre Joel Howard, acting pro se, attempts to appeal from the trial court's denial of his motion for summary judgment, grant of appellee's special exceptions, and declaration that he is a frivolous litigant. In general, appeals may be prosecuted only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Howard does not attempt to appeal from a final judgment.

The district court declared appellant a frivolous litigant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.051 (West 2002). The court expressly found that there was not a reasonable probability that Howard would prevail and that he met the test for the numbers of lawsuits filed during the preceding seven-year period. *See id.* § 11.054(1)(A). The order set a bond in order for Howard to proceed. *See id.* § 11.055. Neither Chapter 11 of the civil practice and remedies code

nor section 51.014[1] of that code provides for an appeal from this type of order. *See id.* §§ 1.001-.014; 51.014 (West Supp. 2005).

The court granted Harris County Hospital District's special exceptions that it lodged against Howard's pleadings. When special exceptions are granted, a litigant has two options: amend the pleadings or stand on the pleadings as filed, proceed to judgment, and test the pleadings on appeal. Tex. R. Civ. P. 90, 91; *Ford v. Performance Aircraft Servs., Inc.*, 178 S.W.3d 330, 336 (Tex. App.—Fort Worth 2005, pet. denied); *Butler Weldments Corp. v. Liberty Mut. Ins. Co.*, 3 S.W.3d 654, 658 (Tex. App.—Austin 1999, no pet.). However, the simple grant of special exceptions with an opportunity to amend is an unappealable interlocutory matter. Similarly, the simple denial of a motion for summary judgment, as opposed to the grant and denial of cross-motions for summary judgment, is an interlocutory matter that is not appealable. *See City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000); *Williams v. Texas State Bd. of Orthotics & Prosthetics*, 150 S.W.3d 563, 567 (Tex. App.—Austin 2004, no pet.).

---

[1] Section 51.014 enumerates various categories of interlocutory appeals.

Howard has attempted to appeal only matters for which no interlocutory appeal lies. Accordingly, we have no jurisdiction over this attempted appeal and must dismiss the appeal for want of jurisdiction.  Tex. R. App. P. 42.3(a).

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Dismissed for Want of Jurisdiction

Filed:   September 7, 2006

3