COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-401-CV

 

 

RODNEY
GILLIAM                                                                        APPELLANT

 



                                                   V.

 

KROGER P R O CLUB, INC.                                                            APPELLEE

------------

 

FROM THE 141ST
DISTRICT COURT OF TARRANT COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

Appellant
Rodney Gilliam attempts to appeal the trial court=s
refusal to set his case for trial or to hold a hearing on his request for trial
setting.  Because we are without
jurisdiction over the trial court=s
actions that Gilliam complains of, we will dismiss his appeal for want of
jurisdiction. 













On
December 4, 2003, Rodney Gilliam filed suit against Alberston=s, Inc.
seeking damages for an on-the-job injury that he had sustained.  Gilliam, a Kroger P R O Club, Inc.  employee, alleged he was seriously injured as
a result of lifting heavy crates of dairy products.  Gilliam subsequently amended his petition,
nonsuited Albertson=s, Inc., and named Kroger as the
defendant.  On October 1, 2004, the trial
court issued a notice of dismissal for want of prosecution.  The notice informed the parties that any motions
to retain the case on the docket should be filed by November 15, 2004.  Although the record demonstrates that the
trial court served both Gilliam and Albertson=s with
the notice, neither responded. 
Consequently, on November 19, 2004, the trial court entered an order
dismissing Gilliam=s suit for want of prosecution.[2]       Gilliam
contends that he did not receive either the notice of dismissal or the order of
dismissal; he claims he first learned of the dismissal on October 26,
2005.  One month after learning of the
order of dismissal, and approximately one year after entry of the dismissal
order, Gilliam filed a motion to reinstate and a motion to extend postjudgment
deadlines.  The trial court held a
hearing on Gilliam=s motion to reinstate and, on
February 27, 2006, signed an order granting that motion.  Kroger then filed a motion to reconsider,
pointing out that the trial court lacked jurisdiction to reinstate Gilliam=s suit
because its plenary power had expired. 
The trial court granted Kroger=s
motion, reconsidered its ruling, and vacated its prior order of
reinstatement.  Nevertheless, Gilliam
filed a motion for trial setting and perfected this appeal by filing a notice
of appeal.  On May 30, 2007, we sent a
letter to the parties expressing our concern that we lacked jurisdiction over
this appeal and requesting a response from any party desiring to continue the
appeal.  Gilliam subsequently filed a
motion to re-designate the proceeding as a writ of mandamus.  In that motion, and the attached petition for
writ of mandamus, Gilliam asserts the same issues that he asserts in this
appealCthat the
dismissal order failed to dispose of all parties and that the trial court erred
by refusing to set the case for trial. 
Because, as we hold below, the dismissal order disposed of all parties
and the trial court had lost its plenary power prior to Gilliam=s letter
requesting a trial setting, in an order issued concurrently with this opinion
we have denied Gilliam=s motion to re-designate.  See In re Sw. Bell Tel. Co., 35 S.W.3d
602, 605 (Tex. 2000) (orig. proceeding) (holding that mandamus is proper if a
trial court issues an order after its plenary power expires).  For the reasons set forth below, Gilliam is
not entitled to relief whether he presents his issues in an appeal or in an
original proceeding.








In his
second issue, Gilliam contends that the trial court=s
dismissal order did not dispose of all parties and therefore is not final.  Gilliam points out that the November 19, 2004
order of dismissal lists only Albertson=s as the
defendant; consequently, Gilliam argues that the dismissal order did not
dispose of his claim against Kroger. 
Although Gilliam initially sued Albertson=s, he
subsequently filed an amended petition naming Kroger as the only
defendant.  Gilliam=s
amended petition naming Kroger as the sole defendant was filed several months
before the trial court sent out its notice of intent to dismiss for want of
prosecution and before the trial court entered the dismissal order. 

An
amended petition supersedes all prior petitions and operates to dismiss parties
and causes of action to the extent they are omitted from the amended
pleading.  See Webb v. Jorns, 488
S.W.2d 407, 409 (Tex. 1972); see also Tex. R. Civ. P. 65. 
When an amended petition omits a defendant that the plaintiff included
in a prior petition, the omission indicates the plaintiff=s intent
to nonsuit the omitted defendant.  See
Ford v. Performance Aircraft Servs., Inc., 178 S.W.3d 330, 337 (Tex. App.CFort
Worth 2005, pet. denied).








Because
Gilliam=s
amended petition named Kroger as the sole defendant and altogether omitted
Albertson=s, Gilliam effectively nonsuited
Albertson=s when he filed this amended
petition.  See id.  Thus, when the dismissal notice was sent and
when the order of dismissal was signed, Kroger was the only named
defendant.  See id.  Although the order of dismissalCa long
order listing  thirty-nine cases that
were dismissed by cause number and style and setting forth the plaintiff=s
attorney=s name
and phone number for each caseCerroneously
indicated that the style of Gilliam=s suit
was ARodney
Gilliam v. Albertson=s, Inc.,@ the
dismissal order correctly set forth Gilliam=s name,
the cause number, and the name and phone number of his lawyer.  Because Albertson=s was no
longer a party to the suit when the trial court sent notice of its intent to
dismiss the cause and when the trial court actually signed the dismissal order,
the only claim which could have been dismissed via the trial court=s order
of dismissal was Gilliam=s claim against Kroger.  Accord Ward v. Parham, 198 S.W.3d 861,
862 (Tex. App.CTexarkana 2006, no pet.)
(recognizing dismissal order erroneously including unintended defendant had
become final); Ford, 178 S.W.3d at 337. 
And because Gilliam amended his pleading to omit Albertson=s as a
defendant and to instead name Kroger as the defendant, Gilliam possessed actual
notice when he received the dismissal notice and order that it was, in fact,
his suit against Kroger that was being dismissed.  We hold that the trial court=s
dismissal order disposed of all parties and all claims then pending in the
trial court, that is, Gilliam=s claim
against Kroger, the only claim that was then pending in the trial court.  We overrule Gilliam=s second
issue.








In his
first issue, Gilliam complains that the trial court erred by refusing to set
his case for trial and by refusing to hold a hearing upon request for trial
setting.  Texas Rule of Civil Procedure
165(a) provides that once a case is dismissed for want of prosecution, a party
must file a motion to reinstate Awith the
clerk within 30 days after the order of dismissal is signed or within the
period provided by Rule 306a.@  Tex.
R. Civ. P. 165(a).  Rule 306(a) states that 

[i]f within twenty days after the . . . order is
signed, a party adversely affected . . . has neither received notice . . . nor
acquired actual knowledge of the order, then with respect to that party all
periods . . . shall begin on the date such party or his attorney received such
notice or acquired actual knowledge of the signing, whichever occurred first,
but in no event shall such periods begin more than ninety days after the
original . . . order was signed.  

 

Tex. R. Civ. P. 306(a).        Failure to timely file a motion to reinstate within thirty
days after the order of dismissal is signed or within the period provided by
Rule 306(a) results in the loss of plenary power by the trial court to grant a
motion to reinstate.[3]  Walker v. Harrison, 597 S.W.2d 913,
915 (Tex. 1980).








Thus, Gilliam was required to
file a motion to reinstate within thirty days of the signing of the dismissal
order or by December 20, 2004. See Tex.
R. Civ. P. 165(a).  Assuming Gilliam did not receive notice of
the order to dismiss within twenty days, the rules of civil procedure extend
the thirty-day deadline to file a motion to reinstate for a maximum of ninety
days, which would have given Gilliam a maximum of 120 days to file his motion
to reinstate, or until March 20, 2005. 
See Tex. R. Civ. P. 306(a).  Because Gilliam did not file his motion to
reinstate until November 21, 2005, the trial court had lost its plenary power
over the order of dismissal.  See
Walker, 597 S.W.2d at 915.

We are without
jurisdiction to grant relief or review the trial court=s
actions after the expiration of its plenary power; consequently, we dismiss
this appeal for want of jurisdiction.  See
In re Dickason, 987 S.W.2d 570, 570-71 (Tex. 1998); see also Tex. R. App. P. 42.3(a). 

 

SUE WALKER

JUSTICE

 

PANEL
B: DAUPHINOT, GARDNER, and WALKER, JJ.

 

 

DELIVERED:
June 21, 2007











[1]See Tex. R. App. P. 47.4.





[2]Kroger filed an answer on
December 10, 2004, before it had received the order of dismissal; the order of
dismissal was initially mailed to Albertson=s Inc. 





[3]Additionally, the date
that Gilliam alleges he received actual noticeC October 26, 2006,
approximately one year after the dismissal order was enteredCis outside Rule 306(a)=s time period.  See Tex.
R. Civ. P. 306(a).