COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-401-CV

RODNEY GILLIAM APPELLANT

V.

KROGER P R O CLUB, INC. APPELLEE

------------

FROM THE 141ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Rodney Gilliam attempts to appeal the trial court’s refusal to set his case for trial or to hold a hearing on his request for trial setting.  Because we are without jurisdiction over the trial court’s actions that Gilliam complains of, we will dismiss his appeal for want of jurisdiction. 

On December 4, 2003, Rodney Gilliam filed suit against Alberston’s, Inc. seeking damages for an on-the-job injury that he had sustained.  Gilliam, a Kroger P R O Club, Inc.  employee, alleged he was seriously injured as a result of lifting heavy crates of dairy products.  Gilliam subsequently amended his petition, nonsuited Albertson’s, Inc., and named Kroger as the defendant.  On October 1, 2004, the trial court issued a notice of dismissal for want of prosecution.  The notice informed the parties that any motions to retain the case on the docket should be filed by November 15, 2004.  Although the record demonstrates that the trial court served both Gilliam and Albertson’s with the notice, neither responded.  Consequently, on November 19, 2004, the trial court entered an order dismissing Gilliam’s suit for want of prosecution.
(footnote: 2)   Gilliam contends that he did not receive either the notice of dismissal or the order of dismissal; he claims he first learned of the dismissal on October 26, 2005.  One month after learning of the order of dismissal, and approximately one year after entry of the dismissal order, Gilliam filed a motion to reinstate and a motion to extend postjudgment deadlines.  The trial court held a hearing on Gilliam’s motion to reinstate and, on February 27, 2006, signed an order granting that motion.  Kroger then filed a motion to reconsider, pointing out that the trial court lacked jurisdiction to reinstate Gilliam’s suit because its plenary power had expired.  The trial court granted Kroger’s motion, reconsidered its ruling, and vacated its prior order of reinstatement.  Nevertheless, Gilliam filed a motion for trial setting and perfected this appeal by filing a notice of appeal.  On May 30, 2007, we sent a letter to the parties expressing our concern that we lacked jurisdiction over this appeal and requesting a response from any party desiring to continue the appeal.  Gilliam subsequently filed a motion to re-designate the proceeding as a writ of mandamus.  In that motion, and the attached petition for writ of mandamus, Gilliam asserts the same issues that he asserts in this appeal—that the dismissal order failed to dispose of all parties and that the trial court erred by refusing to set the case for trial.  Because, as we hold below, the dismissal order disposed of all parties and the trial court had lost its plenary power prior to Gilliam’s letter requesting a trial setting, in an order issued concurrently with this opinion we have denied Gilliam’s motion to re-designate.  
See In re Sw. Bell Tel. Co.
, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (holding that mandamus is proper if a trial court issues an order after its plenary power expires).  For the reasons set forth below, Gilliam is not entitled to relief whether he presents his issues in an appeal or in an original proceeding.

In his second issue, Gilliam contends that the trial court’s dismissal order did not dispose of all parties and therefore is not final.  Gilliam points out that the November 19, 2004 order of dismissal lists only Albertson’s as the defendant; consequently, Gilliam argues that the dismissal order did not dispose of his claim against Kroger.  Although Gilliam initially sued Albertson’s, he subsequently filed an amended petition naming Kroger as the only defendant.  Gilliam’s amended petition naming Kroger as the sole defendant was filed several months before the trial court sent out its notice of intent to dismiss for want of prosecution and before the trial court entered the dismissal order. 

An amended petition supersedes all prior petitions and operates to dismiss parties and causes of action to the extent they are omitted from the amended pleading.  
See Webb v. Jorns
, 488 S.W.2d 407, 409 (Tex. 1972); 
see
 
also
 
Tex. R. Civ. P
. 65.  When an amended petition omits a defendant that the plaintiff included in a prior petition, the omission indicates the plaintiff’s intent to nonsuit the omitted defendant.  
See Ford v. Performance Aircraft Servs., Inc.
, 178 S.W.3d 330, 337 (Tex. App.—Fort Worth 2005, pet. denied).

Because Gilliam’s amended petition named Kroger as the sole defendant and altogether omitted Albertson’s, Gilliam effectively nonsuited Albertson’s when he filed this amended petition.
  See id.
  Thus, when the dismissal notice was sent and when the order of dismissal was signed, Kroger was the only named defendant.  
See id.
  Although the order of dismissal—a long order listing  thirty-nine cases that were dismissed by cause number and style and setting forth the plaintiff’s attorney’s name and phone number for each case—erroneously indicated that the style of Gilliam’s suit was “Rodney Gilliam v. Albertson’s, Inc.,” the dismissal order correctly set forth Gilliam’s name, the cause number, and the name and phone number of his lawyer.  Because Albertson’s was no longer a party to the suit when the trial court sent notice of its intent to dismiss the cause and when the trial court actually signed the dismissal order, the only claim which could have been dismissed via the trial court’s order of dismissal was Gilliam’s claim against Kroger.  
Accord Ward v. Parham
, 198 S.W.3d 861, 862 (Tex. App.—Texarkana 2006, no pet.) (recognizing dismissal order erroneously including unintended defendant had become final); 
Ford
, 178 S.W.3d at 337.  And because Gilliam amended his pleading to omit Albertson’s as a defendant and to instead name Kroger as the defendant, Gilliam possessed actual notice when he received the dismissal notice and order that it was, in fact, his suit against Kroger that was being dismissed.  We hold that the trial court’s dismissal order disposed of all parties and all claims then pending in the trial court, that is, Gilliam’s claim against Kroger, the only claim that was then pending in the trial court.  We overrule Gilliam’s second issue.

In his first issue, Gilliam complains that the trial court erred by refusing to set his case for trial and by refusing to hold a hearing upon request for trial setting.  Texas Rule of Civil Procedure 165(a) provides that once a case is dismissed for want of prosecution, a party must file a motion to reinstate “with the clerk within 30 days after the order of dismissal is signed or within the period provided by Rule 306a.”  
Tex
. R. 
Civ
. P. 165(a).  Rule 306(a) states that 

[i]f within twenty days after the . . . order is signed, a party adversely affected . . . has neither received notice . . . nor acquired actual knowledge of the order, then with respect to that party all periods . . . shall begin on the date such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original . . . order was signed.  

Tex
. R. 
Civ
. P. 306(a). Failure to timely file a motion to reinstate within thirty days after the order of dismissal is signed or within the period provided by Rule 306(a) results in the loss of plenary power by the trial court to grant a motion to reinstate.
(footnote: 3)  
Walker v. Harrison
, 597 S.W.2d 913, 915 (Tex. 1980).

Thus, Gilliam was required to file a motion to reinstate within thirty days of the signing of the dismissal order or by December 20, 2004. 
See
 
Tex
. R. 
Civ
. P. 165(a).  Assuming Gilliam did not receive notice of the order to dismiss within twenty days, the rules of civil procedure extend the thirty-day deadline to file a motion to reinstate for a maximum of ninety days, which would have given Gilliam a maximum of 120 days to file his motion to reinstate, or until
 
March 20, 2005.  
See
 
Tex
. R. 
Civ
. P. 306(a).  Because Gilliam did not file his motion to reinstate until November 21, 2005, the trial court had lost its plenary power over the order of dismissal.  
See Walker
, 597 S.W.2d at 915.

We are without jurisdiction to grant relief or review the trial court’s actions after the expiration of its plenary power; consequently, we dismiss this appeal for want of jurisdiction.  
See In re Dickason
, 987 S.W.2d 570, 570-71 (Tex. 1998); 
see also
 
Tex. R. App. P
. 42.3(a). 

SUE WALKER

JUSTICE

PANEL B
: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: June 21, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Kroger filed an answer on December 10, 2004, before it had received the order of dismissal; the order of dismissal was initially mailed to Albertson’s Inc. 

3:
Additionally, the date that Gilliam alleges he received actual notice— October 26, 2006, approximately one year after the dismissal order was entered—is outside Rule 306(a)’s time period.  
See
 
Tex
. R. 
Civ
. P. 306(a).