Opinion issued October 3, 2013.



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-12-00675-CV

———————————————

## LEE PERRY, Appellant

## V.

## DEVON ENERGY CORPORATION, JOHN RICHELS, PRESIDENT, AND DEVON ENERGY PRODUCTION COMPANY, L.P., Appellees

———————————————

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Case No. 2009-78917**

———————————————

## MEMORANDUM OPINION

Lee Perry appeals from the trial court's summary judgment that he take nothing on his claims against Devon Energy Production Company, L.P. In three issues, he contends that the trial court erred in sustaining Devon's special

exceptions because he did not receive timely notice of their submission. He also contends the trial court erred in granting summary judgment because his summary judgment evidence created a fact issue, and he asserted causes of action other than the one on which Devon sought summary judgment. We affirm the trial court's judgment.

## Background

Perry, a royalty owner in the Alabama Ferry Unit (Woodbine Dexter) in Leon County, Texas, sued Devon and its president, John Richels, complaining that they refused to respond to his requests for information about royalty payments on wells in the unit. He asserted that their malicious conduct caused damages of at least $75,000. Devon filed a general denial. Several months later, Perry amended his petition to assert that Devon failed to respond in writing to his information requests as required by section 91.504 of the Texas Natural Resources Code. Perry further contended that Devon's refusal to respond deprived Perry of royalty income, Devon's "operating procedures of the Alabama Ferry Unit" injured him by underpaying royalties, and Devon's conduct was malicious.

Devon filed special exceptions to the amended petition, asserting that Perry failed to plead a claim under section 91.504 or give Devon sufficient notice of his claims and damages. Specifically, Devon asserted that Perry did not identify the basis for his alleged entitlement to payment, identify the amount he had been

2

underpaid, allege a factual basis for his claim to a higher royalty payment, or identify whose conduct was malicious. On March 30, 2011, the trial court sustained Devon's special exceptions and ordered Perry to amend his pleadings.

Almost one month after the filing deadline, Perry filed a second amended petition. In that petition, Perry stated that he was a mineral interest owner in the Alabama Ferry Unit, which was his "source of royalty income" and that "Devon's company policy to not comply" with section 91.504 was "the main reason" for his lawsuit. Perry contended that Devon had not responded to his audit report or the exceptions noted therein. Perry further asserted that Devon's operating procedures for the Alabama Ferry Unit injured him, that a "prudent operator" would not injure a royalty owner by underpaying him, and that Devon had deprived him of royalty income. Perry asked the Court to deny Devon's special exceptions but did not request any monetary damages or declaratory relief.

Several months later, Devon moved for summary judgment on the grounds that (1) Perry failed to amend his petition timely, (2) the second amended petition did not cure the pleading defects, and (3) no evidence supported a claim based on section 91.504. Perry responded, contending that Devon needed to explain "why they do not owe [him] the monies for the exceptions that they have not responded to in two years." He attached documents he claimed supported the five

3

"exceptions" he listed in the audit report.[1] Perry asked the trial court to deny Devon's summary judgment motion, grant him summary judgment, and award him an additional $10,000 for Devon's failure to respond timely to his section 91.504 request.

The trial court granted summary judgment for Devon, ordering that Perry take nothing on his claims against Devon. Perry filed a motion for new trial, which the trial court denied. This appeal followed.

**Notice of Submission of Devon's Special Exceptions**

In his third issue, Perry contends that the trial court erred in sustaining Devon's special exceptions to his first amended petition because he was not served properly with Devon's notice of submission. He raised this complaint in his request for a hearing on Devon's special exceptions and his motion for new trial. The trial court denied Perry's motion for new trial.

Because Perry raised his complaint in his motion for new trial, we apply an abuse of discretion standard of review. *See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) ("We review a trial court's refusal to grant a motion for new trial for abuse of discretion."); *Cont'l Cas. Co. v. Hartford Ins.*, 74 S.W.3d

---

[1]     We understand the "exceptions" to be "audit requests" and other issues regarding Devon's policies and procedures that Perry claims to have submitted to and discussed with Devon. As described in his appellate brief, his exceptions addressed "valid royalty conveyances," "defective title," and payment for use of well water, additional land, and out-of-balance oil volumes.

4

432, 434–35 (Tex. App.—Houston [1st Dist.] 2002, no pet.) A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner or when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). We may not substitute our judgment for the trial court's. *Id.*

In his motion for new trial, Perry asserted that he did not receive Devon's notice of the March 30, 2011 submission of its special exceptions until April 18, "as per the signed certified return[.]" Relying on *Lopez v. Lopez*, 757 S.W.2d 721 (Tex. 1988), Perry contends that a judgment based on improper service must be set aside. In *Lopez*, the Supreme Court addressed the standard for granting a new trial after a trial court rendered a post-answer default judgment.[2] *Id.* at 722. The Supreme Court held that, because the defaulting defendant did not have notice of the trial setting, he was not required to show that he had a meritorious defense as a condition to the granting of a new trial. *Lopez*, 757 S.W.2d at 723; *see Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005).

Unlike *Lopez*, this case does not involve a default judgment. Submission of the special exceptions was neither a trial setting nor a dispositive hearing in the case. In any event, Perry filed a second amended petition after the special

---

[2]     A post-answer default judgment occurs when a defendant has answered but fails to appear for trial. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925 (Tex. 2009).

5

exceptions to the prior version of his pleading were granted. The trial court did not strike the second amended petition. We conclude that the trial court did not abuse its discretion in denying Perry's motion for new trial on the basis of improper service. We overrule Perry's third issue.

## Grant of Summary Judgment to Devon

Devon sought summary judgment on three grounds: (1) Perry did not amend his pleading timely,[3] (2) the second amended petition failed to set out a claim for legally cognizable relief, and (3) no evidence supported Perry's claim for a violation of section 91.504. The trial court granted summary judgment without specifying the grounds.

In his first and second issues, Perry contends that the trial court erred in granting summary judgment because (1) he asserted a cause of action for failure to operate as a prudent operator in addition to his section 91.504 claim, and (2) his summary judgment evidence raised fact issues on all claims. Perry argues that "[t]here are five different issues from two separate audit reports," and genuine issues of fact regarding these five issues preclude summary judgment.

---

[3] Devon contends that summary judgment was proper because Perry failed to amend his petition before the deadline set out in the order sustaining the special exceptions, relying on *Ford v. Performance Aircraft Services, Inc.*, 178 S.W.3d 330 (Tex. App.—Fort Worth 2005, pet. denied). In *Ford*, the court found no abuse of discretion when the trial court dismissed a case because plaintiffs failed to amend their petition before the deadline set out in the trial court's order sustaining defendant's special exceptions. The court held that the case could be dismissed automatically if plaintiffs did not meet the repleading deadline. *Id.* at 337.

6

## A.      Standard of review

We review summary judgments de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Summary judgment based on a deficiency in a party's pleadings is proper if a party had an opportunity to amend and either failed to do so or filed another defective pleading. *Haase v. Glazner*, 62 S.W.3d 795, 800 (Tex. 2001); *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 699 (Tex. 1994); *Winters v. Parker*, 178 S.W.3d 103, 105–06 (Tex. App.—Houston [1st Dist.] 2005, no pet.). We will affirm the summary judgment only if the pleadings are legally insufficient, "taking all allegations, facts, and inferences in the pleadings as true and viewing them in a light most favorable to the pleader." *Natividad*, 875 S.W.2d at 699.  When, as here, the summary judgment does not specifically state the grounds on which it was granted, we must affirm the summary judgment if any of the asserted grounds are meritorious. *FM Props. Operating Co. v. City of Austin,* 22 S.W.3d 868, 872–73 (Tex. 2000).

## B.      Summary judgment on claims other than section 91.504 violations

Devon moved for summary judgment on the basis that the second amended petition did not identify any causes of action against Devon. Perry contends that, in addition to his claims under section 91.504, he asserted a claim for failure to operate as a "prudent operator" of an oil and gas unit. His second amended petition states:

Defendants['] operating procedures of the Alabama Ferry Unit [have] caused injury to Plaintiff. A prudent operator would not continually cause injury to a royalty owner every month by grossly underpaying Plaintiff every month. Defendants['] Company Policy to not respond is not the correct way to fix inadequate operating procedures. Defendants['] behavior is malicious, because they are well aware of the audit exceptions. They have known about them for over a year, but have refused to make any changes. This has caused Plaintiff to continuously be deprived of royalty income each month. Plaintiff request[s] that all of the audit exceptions that were submitted, and discussed individually over the telephone with Defendants['] company attorney and their outside attorney be admitted as part of this [ ] Second Amended Original Petition.

Perry stated that he is a mineral interest owner in the Alabama Ferry Unit, which is the "source of royalty income that is incorrectly paid from each month." Perry claimed that Devon's failure to operate as a prudent operator and to respond to his information requests were malicious because Devon was "well aware of the audit exceptions." The relief Perry requested was to (1) deny Devon's special exceptions, (2) "continue as scheduled in the pretrial Docket Control order," and (3) "[m]ake all future hearings oral in court with all parties present with supporting documentation." Although he asserted that he was "deprived of royalty income each month," Perry did not request damages in the amended petition.

A petition must consist of a statement of a plaintiff's cause of action in plain and concise language. TEX. R. CIV. P. 45, 47. The petition defines the issues for trial and should "give the opposing party information sufficient to enable him to prepare a defense." *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 812 (Tex.

8

1983) (quoting *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982)). Although Perry alleged that Devon's operating procedures for the Alabama Ferry Unit injured him and that a prudent operator would not injure a royalty owner, Perry did not set out a claim for underpayment of royalties or any other amounts allegedly owed. He did not plead any facts about his entitlement to royalty payments, the amounts actually paid or unpaid, Devon's failure to pay royalties, or the audit exceptions.

Perry's petition, not his summary judgment response, defined the issues before the trial court. *See Murray v. O & A Express, Inc.,* 630 S.W.2d 633, 636 (Tex. 1982); *Pathak v. Harris Cnty. Hosp. Dist.*, No. 14-08-00020-CV, 2009 WL 972552, at *2 (Tex. App.—Houston [14th Dist.] Mar. 24, 2009, no pet.) (mem. op.); TEX. R. CIV. P. 301. To determine whether a cause of action has been pleaded, we must be able to ascertain the elements of the cause of action from the pleadings alone. *Wilson v. Bloys,* 169 S.W.3d 364, 369 (Tex. App.—Austin 2005, pet. denied) (citing *Fairdale Ltd. v. Sellers,* 651 S.W.2d 725, 725 (Tex. 1982)). Perry's summary judgment response included—according to Perry—a "detail[ed] list of exceptions" with supporting documents. Perry, however, did not amend his *petition* to include these allegations, assert causes of action based on the allegations, or request any damages. Perry could not raise an unpleaded claim through his summary judgment response. *See Pathak*, 2009 WL 972552, at *2 (concluding that unpleaded claims raised in plaintiff's summary judgment response were not tried

9

by consent and summary judgment was proper); *Cox Tex. Newspapers L.P. v. Wootten*, 59 S.W.3d 717, 724–25 (Tex. App.—Austin 2001, pet. denied) (concluding that plaintiff did not raise claim in his pleadings despite attempts in summary judgment response and briefs to recast pleadings as asserting cause of action).

When Perry's second amended petition is read as a whole, Perry's complaint appears directed to Devon's failure to respond to his request for information on the calculation of royalty payments. Perry alleged that he filed a written audit report and discussed the exceptions contained in that report with Devon, but Devon failed to respond as section 91.504 requires. Perry further alleged that Devon had a policy to refuse to comply with section 91.504, which was "the main reason" for his lawsuit.

After carefully reviewing Perry's second amended petition, we conclude that he did not sufficiently allege any cause of action to recover based on Devon's failure to operate as a "prudent operator." Perry's allegation regarding a prudent operator did not state a separate cause of action; it stated a factual basis for his claim that Devon failed to comply with section 91.504 and that the failure was malicious. Reading Perry's second amended petition in the light most favorable to Perry, he—at most—asserts a cause of action based on Devon's alleged failure to respond to his requests for information under section 91.504. We, therefore,

10

conclude that the trial court did not err in granting summary judgment on all claims other than section 91.504 claims. We overrule Perry's second issue.

## C.    No-evidence summary judgment on the section 91.504 claim

In his first issue, Perry contends that the trial court erred in not considering "the overwhelming weight and preponderance of the evidence" in support of his summary judgment response.

Perry alleged a violation of section 91.504, which requires a payor of royalties to provide information within 60 days of a written request by a royalty interest owner. TEX. NAT. RES. CODE ANN. § 91.504(a), (c–d) (West 2011). Section 91.507 permits a civil action by a royalty owner against a payor who fails to respond. *Id.* § 91.507.

Devon sought a no-evidence summary judgment on Perry's section 91.504 claim. *See* TEX. R. CIV. P. 166a(i). In its motion, Devon set out the elements of a claim based on 91.504 and asserted that no evidence existed to support the elements of Perry's claim. In response, Perry asserted that Devon had not responded to his exceptions for two years, "[t]here has not been any attempt to explain why [he] should not receive any monies," he was still waiting for a response, and a "request was made to review the corrections."

Perry misplaces the movant's burden in a no-evidence summary judgment. There is no evidentiary burden imposed on a movant seeking summary judgment

11

under Rule 166a(i). *See id.*; *see also Heiser v. Eckerd Corp.,* 983 S.W.2d 313, 316 (Tex. App.—Fort Worth 1998, no pet.). Devon was required only to state specifically in its summary judgment motion the element or elements as to which there was no evidence. *See* TEX. R. CIV. P. 166a(i). Once Devon did so, the burden shifted to Perry to come forward with sufficient evidence to raise a fact issue. *See Roventini v. Ocular Scis., Inc.,* 111 S.W.3d 719, 722 (Tex. App.—Houston [1st Dist.] 2003, no pet.). If Perry did not produce "more than a scintilla of evidence" to raise a genuine issue of material fact on the challenged element or elements, the trial court properly granted Devon's motion. *Id.*

Perry did not respond to Devon's motion with an affidavit or other document to raise a fact issue as to any of the challenged elements of his section 91.504 claim. *See* TEX. R. CIV. P. 166a(i) (providing that court must grant no-evidence summary judgment unless non-movant "produces summary judgment evidence raising a genuine issue of material fact"). Nor did Perry present any evidence to raise a fact issue on the elements of his claim. *See id.; San Saba Energy, L.P. v. Crawford,* 171 S.W.3d 323, 330–31 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (stating that party responding to no-evidence summary judgment motion must point out which evidence raises fact issue as to each element; general reference to large quantity of documents insufficient). Perry's assertions in his summary judgment response were not summary judgment evidence and, thus, he presented

12

no evidence as to the elements of a claim based on section 91.504. *See Warnke v. Nabors Drilling USA, L.P.*, 358 S.W.3d 338, 345 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing *Powell v. McCauley*, 126 S.W.3d 158, 162 (Tex. App.—Houston [1st Dist.] 2003, no pet.)) ("A movant's own pleadings do not constitute summary judgment evidence as a general rule."); *Liggett v. Blocher*, 849 S.W.2d 846, 852 (Tex. App.—Houston [1st Dist.] 1993, no writ) ("A response is not summary judgment evidence."). We conclude that the trial court did not err in granting Devon summary judgment on the section 91.504 claim.

We overrule Perry's first issue.

## Conclusion

Having overruled Perry's issues, we affirm the trial court's summary judgment.


Harvey Brown
Justice

Panel consists of Justices Jennings, Brown, and Huddle.

13