**AFFIRM; and Opinion Filed February 2, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00178-CV

**ELIZABETH A. CERNA, Appellant**

**V.**

**ESTHER RUTH B. SMITH, GWENDOLYN SMITH, JANEEN SMITH FERTITTA, KAYLE ANN SMITH MILLER, AND THE ESTATE OF ESTHER RUTH B. SMITH, Appellee**

**On Appeal from the 116th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-15-08100**

## MEMORANDUM OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Brown

Appellant Elizabeth A. Cerna appeals the trial court's orders granting special exceptions and dismissing her first amended petition. In four issues, Cerna asserts the trial court erred by failing to give due deference to "Texas's system of notice pleadings," failing to liberally construe *pro se* pleadings, sustaining special exceptions based on failure to state the maximum amount of damages, and failing "to state grounds" in the dismissal order. For the following reasons, we affirm the trial court's order.

BACKGROUND

From January 2012 to July 2013, Cerna was employed as a caregiver for Ester Ruth B. Smith ("Smith"), who suffered from blindness caused by macular degeneration. In July 2015,

Cerna filed this lawsuit *pro se* against Smith, Smith's estate, and Smith's daughter, Gwendolyn Smith, seeking "justice and remedy in an Employment situation." In September 2015, Cerna amended her petition to add as defendants Smith's daughters Janeen Fertitta and Kayle Ann Miller (collectively, along with Smith, Smith's estate, and Gwendolyn Smith, "appellees"). The amended petition alleges that, upon filing for unemployment compensation, Cerna learned that her wages had been "'precipitously low' for a Home Health Caregiver" and asserted "Knowledgeable Non-payment" on the part of appellees. Cerna sought damages of correct pay, "taxes and other governmental monies" not paid on her behalf, vacation pay, sick days pay, holiday pay, auto-related reimbursements, and punitive damages of "triple damages" in an amount of at least $3,131,750.

In April 2016, appellees filed special exceptions to Cerna's amended petition. Specially excepting to 17 paragraphs, appellees argued the amended petition failed to state any recognized causes of action for which Cerna could obtain relief, specify the maximum amount of damages claimed, and state a basis for punitive damages. On May 26, 2016, the trial court entered an order granting appellees' special exceptions and directing Cerna to replead and identify each of her causes of the action and the elements of those causes of action by June 15, 2016. Cerna did not replead by the June 15, 2016, deadline or any time thereafter.

In July 2016, appellees filed a summary judgment motion contending Cerna's claims should be dismissed because she was an at-will employee, the statute of frauds barred a breach of employment claim based on an oral agreement, and she was exempt from the minimum wage and maximum hour requirements of the Fair Labor Act because she provided companionship services. *See* 29 U.S.C. § 213(a)(15) (2004). Appellees subsequently supplemented their motion to add ratification and waiver defenses. On December 15, 2016, the trial court granted the motion,

entering summary judgment as to Cerna's claims alleging a lifetime employment contract and underpayment of wages and ordering that she take nothing on those claims.

On December 7, 2016, appellees filed a motion to dismiss Cerna's amended petition on the ground that Cerna had yet to replead despite the trial court's order to do so by June 15, 2016. On December 29, 2016, the trial court granted the motion and entered an order dismissing Cerna's amended petition with prejudice. On January 18, 2017, the trial court entered an amended order, which granted appellees' motion to dismiss, dismissed all claims brought by Cerna with prejudice, directed that Cerna take nothing from appellees, and disposed of all claims.

APPLICABLE LAW

Texas follows a fair-notice pleading standard; the opposing party must be able to ascertain the nature and basic issues of the controversy and what testimony will be relevant from the pleading. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000); *COC Servs., Ltd., v. CompUSA, Inc.*, 150 S.W.3d 654, 677 (Tex. App.—Dallas 2004, pet. denied). The purpose of fair-notice pleading is to provide a defendant with sufficient information to prepare a defense. *Horizon/CMS Healthcare Corp.*, 34 S.W.3d at 897. Courts will liberally construe *pro se* pleadings, *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.), but *pro se* litigants, just like licensed attorneys, must comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

A defendant may challenge the sufficiency of a plaintiff's pleading through special exceptions. *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998). A special exception is appropriate if "the pleadings are not clear or sufficiently specific or fail to plead a cause of action." *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007); *see* TEX. R. CIV. P. 91. The special exceptions must identify the particular pleadings excepted to and any defects or insufficiency so the plaintiff, if possible, can correct them by amendment. *Horizon/CMS Healthcare Corp.*, 34

S.W.3d at 897; TEX. R. CIV. P. 91. If requested by special exception, a trial court also may require a plaintiff to amend its petition to specify the maximum amount of damages claimed. *Ford v. Performance Aircraft Servs., Inc.*, 178 S.W.3d 330, 335 (Tex. App.—Fort Worth 2005, pet. denied); TEX. R. CIV. P. 47.

A trial court sustaining special exceptions must give the plaintiff an opportunity to amend the pleading to cure the defect. *Friesenhahn*, 960 S.W.2d at 658. If a plaintiff fails to amend its pleadings after being ordered to do so, the trial court may dismiss the case. *Mowbray v. Avery*, 76 S.W.3d 663, 678 (Tex. App.—Corpus Christi 2002, pet. denied); *Hefley v. Sentry Ins. Co.*, 131 S.W.3d 63, 65 (Tex. App.—San Antonio 2003, pet. denied); *see also Cruz v. Morris*, 877 S.W.2d 45, 47-48 (Tex. App.—Houston [14th Dist.] 1994, no writ) (upholding dismissal of case after plaintiff failed to replead specifying its maximum damages).

To challenge a trial court's dismissal of a cause of action after sustaining special exceptions, an appellant must first attack the decision to sustain the special exceptions and then attack the decision to dismiss the cause of action. *Ford*, 178 S.W.3d at 334; *Mowbray*, 76 S.W.3d at 678. A trial court has broad discretion in ruling on special exceptions, *Baylor Univ.*, 221 S.W.3d at 635, and we will not disturb that ruling absent an abuse of discretion. *Ford*, 178 S.W.3d at 335. A trial court abuses its discretion if its decision is arbitrary and unreasonable or without reference to guiding rules and principles. *Id.* If a trial court properly sustains special exceptions and the plaintiff fails to amend, the trial court does not err in dismissing the cause of action or, if the pleading fails to state a cause of action, in dismissing the entire case. *Holt v. Reproductive Servs., Inc.*, 946 S.W.2d 602, 604-05 (Tex. App.–Corpus Christi 1997, writ denied).

ANALYSIS

In her first two issues, Cerna asserts the trial court erred in failing to give due deference to Texas's notice of pleading system and a liberal construction to her *pro se* pleading. Although

–4–

Cerna's brief cites some case law, she presents no argument nor any citations to the record to demonstrate any trial court error in construing the petition.[1]

A brief must contain a clear and concise argument for the contentions made with appropriate citations to the authorities and the record. TEX. R. APP. P. 38.1(i). We have neither a right nor an obligation to search the record for facts or research relevant law to support an appellant's position; to do so would "improperly transform this Court from neutral adjudicators to advocates." *Lau v. Reeder*, No. 05-14-01459-CV, 2016 WL 4371813, at *2 (Tex. App.—Dallas Aug. 16, 2106, pet denied) (mem. op.). Nor are we required to consider evidence attached as exhibits or appendices to the briefs where no citation to the record is provided. *See* TEX. R. APP. P. 38.1(i); *Ranger Ins. Co .v State*, 312 S.W.3d 266, 270 (Tex. App.—Dallas 2010, pet. dism'd, untimely filed). Cerna's bare assertions of error, without any argument or citations to the record in support, waive that error. *Washington*, 362 S.W.3d at 854-55; *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 283-84 (Tex. 1994); TEX. R. APP. P. 38.1(i). Accordingly, we overrule Cerna's first and second issues.

In her third issue, Cerna contends the trial court erred in sustaining appellees' "special exception (as it did) for failure to specify the maximum amount of damages."[2] We disagree. Appellees specially excepted to paragraph 8.5 of Cerna's amended petition regarding the relief she sought and asked the trial court to require Cerna to specify the maximum amount of damages she claimed. Appellees' special exception was proper under Rule 47, and the trial court did not abuse

---

[1] Although representing herself *pro se* at trial, Cerna is represented by counsel in this appeal.

[2] As with her first and second issues, Cerna presents no argument or record citations to show the trial court erred in sustaining appellees' special exceptions. Indeed, the argument portion of her brief simply states that "the trial court erred for sustaining a special exception for failure to replead" and erroneously cites *Muecke v. Hallstead*, 25 S.W.3d 221 (Tex. App.—San Antonio 2000, no writ), for the proposition that a failure to replead under Rule 47 is not a sufficient basis for dismissal. In *Muecke*, the appellate court reversed a dismissal, concluding the trial court erred in granting the defendant's special exception to the plaintiff's fraud claim because the special exception did not point out the specific defect. *Id*. at 224. A failure to replead the maximum amount of damages pursuant to a Rule 47 special exception did not occur in the case and played no role in the appellate court's decision.

its discretion in granting it. *See Ford*, 178 S.W.2d at 335; TEX. R. CIV. P. 47. We overrule Cerna's third issue.

In her fourth issue, Cerna complains the trial court entered its amended order granting appellees' motion to dismiss "with no ground stated." Cerna's brief fails to provide either argument or citations to the record in support of her fourth issue as required by Rule 38.1. TEX. R. APP. P. 38.1(i). However, the grounds for the trial court's amended order are clear. The amended order recites that it is based on appellees' motion to dismiss, which urged dismissal on the ground that, after more than five months, Cerna had yet to comply with the trial court's order to replead and identify each of her causes of action and the elements of those causes of action.

Moreover, the trial court granted appellees' special exceptions "in all things." In addition to their Rule 47 special exception, appellees specially excepted to 17 paragraphs in Cerna's amended petition on the grounds that the petition failed to state any recognized cause of action for which Cerna could obtain relief or any basis for punitive damages. Cerna has not presented any argument or citations to the record to challenge the trial court's decision to grant appellees' special exceptions on these grounds and, thus, has waived any error by the trial court in granting the special exceptions.[3] *See Cole v. Hall*, 864 S.W.2d 563, 567 (Tex. App.—Dallas 1993, writ dism'd w.o.j.). Therefore, we must conclude the trial court did not err in dismissing her claims. *See id*. We overrule Cerna's fourth issue.

---

[3] Neither has Cerna challenged the trial court's summary judgment that Cerna take nothing on her claims alleging a lifetime employment contract and underpayment of wages. The trial court's amended order rendered the summary judgment final for purposes of appeal. *See Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853, 855 (Tex. 1995) (dismissal is with prejudice as to issues disposed of by summary judgment); *Webb v. Jorns*, 488 S.W.2d 407, 408-09 (Tex. 1972) (interlocutory judgment merges into final judgment and becomes final for purposes of appeal even if not named within final judgment); *Campbell v. Kosarek*, 44 S.W.3d 647, 649 n.1 (Tex. App.—Dallas 2001, pet. denied) (same).

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

170178F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ELIZABETH A. CERNA, Appellant

No. 05-17-00178-CV     V.

ESTHER RUTH B. SMITH,
GWENDOLYN SMITH, JANEEN SMITH
FERTITTA, KAYLE ANN SMITH
MILLER, AND THE ESTATE OF
ESTHER RUTH B. SMITH, Appellee

On Appeal from the 116th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-15-08100.
Opinion delivered by Justice Brown;
Justices Lang and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees ESTHER RUTH B. SMITH, GWENDOLYN SMITH,
JANEEN SMITH FERTITTA, KAYLE ANN SMITH MILLER, and THE ESTATE OF
ESTHER RUTH B. SMITH recover their costs of this appeal from appellant ELIZABETH A.
CERNA.

Judgment entered this 2nd day of February, 2018.