**Chris WARD, Appellant,**

v.

**Robert G. PARHAM, M.D., George R. Hunter, M.D., and Urology Associates, Appellees.**

No. 06–06–00078–CV.

Court of Appeals of Texas, Texarkana.

Submitted Aug. 10, 2006.

Decided Aug. 11, 2006.

Michael R. Hooper, Hooper & Associates, PC, Elmira, for appellant.

Jeffery C. Lewis, Atchlety, Russell, Waldrop & Hlavinka, LLP, Texarkana, for appellees.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Chris Ward appeals from the dismissal of his lawsuit against Robert G. Parham, M.D., George R. Hunter, M.D., and Urology Associates. The order dismissing the cause, with prejudice, was signed by the trial court December 6, 2005. On March 22, 2006, Ward filed a motion for a nunc pro tunc order to correct a clerical mistake in the dismissal: that he did not intend to dismiss all parties, but only one of the defendants. On April 3, Ward filed a motion referencing Rule 306a, subd. 4, of the Texas Rules of Civil Procedure in which he asked the court to modify the order dated December 6, 2005. *See* Tex.R. Civ. P. 306a, subd. 4. The trial court denied both motions in separate orders, both dated June 20, 2006. Ward filed a notice of appeal specifically stating that it was from the June 20 order denying his motion pursuant to Rule 306a, subd. 4.

Rule 306a, subd. 4 does not provide a separately appealable order or judgment. Rather, it provides a method to create a new beginning point for calculating appellate timetables in situations where, at some point between twenty and ninety days after the judgment is signed, a party who has not received notice obtains actual knowledge of the signing of the judgment.

When a party obtains actual knowledge within ninety days, and so proves to the trial court, the appellate timetable begins on the date proven, and the party may file

motions and an appeal under that timetable.

If, however, the party does not receive notice or acquire actual knowledge of the judgment within twenty days of the date the judgment is signed, Rule 306a, subd. 4 provides that the thirty-day period for filing a notice of appeal shall begin to run on the date the party actually acquires notice or actual knowledge of the judgment, but in no event can the thirty-day period begin after more than ninety days have passed since the judgment was signed. *See Levit v. Adams,* 850 S.W.2d 469, 469–70 (Tex. 1993).

■ The order pursuant to Rule 306a, subd. 4 is not one that is separately appealable. It determines when an appeal from the underlying judgment is timely. If we read Ward's notice of appeal on its face as written, it limits his appeal only to the order overruling his motion to restart the timetables pursuant to Rule 306a, subd. 4. If limited to that reading, no appeal is possible, and we have no jurisdiction to consider any matter that Ward might attempt to raise from that order.[1]

■ However, even if we assume that Ward were to properly amend his notice of appeal to appeal from the judgment, a direct appeal is not possible. The judgment was signed December 6, 2005. Assuming that, as he pleads, he received actual notice March 3, 2006, his appellate timetable began to run on that date. Further, assuming (to provide the maximum length of time possible) that either his motion filed March 22, 2006, or his motion filed April 3, 2006, served as a motion for new trial and extended the appellate timetable, Ward had ninety days from March 3, 2006, in which to file a notice of appeal from the judgment.[2] That time expired June 1, 2006. Further postulating that Ward might have filed a motion to extend time, the rules provide a fifteen-day window for such a late filing, which would extend the timetable only to June 16, 2006.[3]

The notice of appeal was filed July 19, 2006. It is untimely, even under the most lenient factual scenario. In the absence of a timely notice of appeal, we have no jurisdiction over the case.

We dismiss the appeal.

---

1. Generally, only final decisions of trial courts are appealable. TEX. CIV. PRAC. & REM.CODE ANN. § 51.012 (Vernon 1997) (final judgment of district and county courts); *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex.2001). The Legislature has authorized the appeal of a number of interlocutory orders—not including this type of order. *See, e.g.,* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp. 2006).

2. *See* TEX.R.APP. P. 26.1.

