In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00028-CV


______________________________




UNITED STATES CURRENCY IN THE


SUM OF $1757.05, Appellant


V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 71st Judicial District Court


Harrison County, Texas


Trial Court No. 03-0328




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Prince Brown has filed an appeal from an order forfeiting a number of items, and also
forfeiting $1,757.05 in cash. The judgment was signed July 6, 2006. In order to be timely filed, the
notice of appeal was due no later than August 7, 2006. See Tex. R. App. P. 26.1. Brown filed his
notice of appeal January 19, 2007. 

 Brown has filed a motion with this Court stating that he did not receive notice of the
judgment until January 2007, and seeking to restart the appellate timetables based on that late notice. 
Rule 306a(4) of the Texas Rules of Civil Procedure triggers a new beginning date for subsequent
activity in a case when a defendant receives notice of the judgment between the twentieth and the
ninetieth day after judgment was actually entered. See Tex. R. Civ. P. 306a(4). If the party does not
receive notice or acquire actual knowledge of the judgment within twenty days of the date the
judgment is signed, Rule 306a(4) provides that the thirty-day period for filing a notice of appeal shall
begin to run on the date the party actually acquires notice or actual knowledge of the judgment, but
in no event can the thirty-day period begin after more than ninety days have passed since the
judgment was signed. See Levit v. Adams, 850 S.W.2d 469, 469-70 (Tex. 1993); Ward v. Parham,
198 S.W.3d 861, 863 (Tex. App.--Texarkana 2006, no pet.).

 In this case, the date alleged by Brown is several months after the expiration of the ninetieth
day, and under no combination of circumstances could the rule be utilized to extend the appellate
timetable to make his notice of appeal timely.

 In the absence of a timely-filed notice of appeal, we have no jurisdiction.

 We dismiss the appeal.



 Bailey C. Moseley

 Justice


Date Submitted: April 10, 2007

Date Decided: April 11, 2007






                                                                                                                                                             
                          


Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION

            Calvin Ray Cash has filed a petition for writ of mandamus. He asks this Court to order the
trial court to set a date to hear his motion for a "Franks hearing,"


 which he states has been
languishing in the trial court for over eight months.
            "'When a motion is properly filed and pending before a trial court, the act of giving
consideration to and ruling upon that motion is a ministerial act,' and mandamus may issue to compel
the trial judge to act." Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex. App.—San Antonio
1997) (orig. proceeding); see also Eli Lilly & Co. v. Marshall, 829 S.W.2d 157, 158 (Tex. 1992)
(trial court abused its discretion by refusing to conduct hearing and render decision on motion);
Chiles v. Schuble, 788 S.W.2d 205, 207 (Tex. App.—Houston [14th Dist.] 1990, orig. proceeding)
(mandamus appropriate to require trial court to hold hearing and exercise discretion).
            Cash references three 1999 Hopkins County convictions for which he is now imprisoned,
none of which are currently pending. He has not directed this Court to any current criminal
proceeding to which his request might refer, and we are aware of none.
            The duty of the trial court is to see that the cases before it proceed in an appropriate fashion. 
In general, however, it does not have a duty to rule on free-floating motions unrelated to currently
pending actions. In fact, it has no jurisdiction to rule on a motion when it has no plenary jurisdiction
coming from an associated case. See Rodriguez v. State, 28 S.W.3d 25 (Tex. App.—Houston [1st
Dist.] 2000, no pet.); Crowell v. State, 949 S.W.2d 37 (Tex. App.—San Antonio 1997, no pet.).
            We deny the petition.
 

                                                                        Josh R. Morriss, III
                                                                        Chief Justice
 
Date Submitted:          April 12, 2004
Date Decided:             April 13, 2004