# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00618-CV

**Barbara A. Wright, Appellant**

**v.**

**Estate of Billy R. Wright, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TOM GREEN COUNTY
### NO. 04P149-L2, HONORABLE PENNY ANNE ROBERTS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On July 10, 2007, the trial court signed the final judgment finding that appellant Barbara Wright owed the estate of Billy R. Wright more than $65,000. On August 14, 2007, Wright filed a verified motion under rule 306a of the rules of civil procedure, asserting that she did not get actual notice of the judgment until August 13, when her attorney, Jeffrey Lisson, checked the court's website and discovered that the judgment had been signed. *See* Tex. R. Civ. P. 306a(5). On August 28, the trial court held a hearing on Wright's motion. During that hearing, the court heard testimony from Lisson, the County Clerk, and an employee of the clerk's office. The testimony established that the County Clerk's Office in Tom Green County does not mail copies of judgments to local attorneys. Instead, the clerk's office places copies of an order or judgment, labeled with each attorney's name, in a basket in the office, and the attorneys or their runners come to the clerk's office to retrieve the copies from the basket; Lisson's law firm has a runner who checks the box for the firm

every day. Lisson testified that he had been practicing in the county for more than four years and that he knew of and participated in this practice. He also testified that on June 6, the trial court sent a letter stating it was ruling in favor of appellee. On June 13, appellee sent a proposed judgment to Lisson and the trial court. Lisson checked the court's website for several weeks after receiving the proposed judgment but then stopped checking and assumed he would get a copy when it was signed.

At the conclusion of the hearing, the trial court stated that it was going to "deny" Wright's motion. That afternoon, Wright filed a document entitled, "Notice of Filing," "giv[ing] notice that had her Motion to Set Date For Periods to Run been granted, she would have requested Findings of Fact and Conclusions of Law, as shown by the document attached hereto, as well as a Notice of Appeal of the Court's July 10, 2007 Judgment." On September 24, the trial court signed an order finding that Wright or her attorney acquired actual notice of the judgment on July 13. On October 1, Wright filed a notice of appeal from "the Order Denying Motion to Set Dates for Periods to Run," signed September 24. The appeal proceeded from that notice, and Wright filed a brief arguing that the trial court erred in denying her motion under rule 306a and asking this Court to reverse the trial court's order and require the court to provide findings of fact and conclusions of law and to allow Wright to appeal from the July 10 judgment. Appellee filed its brief on January 16, 2008, arguing that the September 24 order was not appealable separately from the July 10 judgment order, which Wright had not appealed. Appellee further argued that Wright's notice of appeal was untimely even if measured from August 13, Wright's asserted date of notice, and that because she had not appealed the July 10 order, any relief on appeal would be of no practical benefit to Wright.

On February 7, Wright filed a motion to amend her notice of appeal asking that we allow her to appeal from both the September 24 order and the July 10 order. She argues that the

2

record shows that she intended all along to appeal from the July 10 order and that her notice of appeal was a bona fide attempt to invoke this Court's jurisdiction over an appeal of the July 10 order.

Assuming without deciding that the trial court should have granted Wright's rule 306a motion to allow appellate deadlines to run from August 13, Wright did not file any post-judgment motions that would have extended the deadline to perfect an appeal until October 1.[1] Wright's notice that she "would have requested" findings of fact, even though it was accompanied by an exhibit showing what that request would have been, is not a request for findings that would extend the appellate deadline for ninety days. *See* Tex. R. App. P. 26.1(a); Tex. R. Civ. P. 296 (request must be titled "Request for Findings of Fact and Conclusions of Law" and filed within twenty days of judgment; clerk "shall immediately call such request to the attention of" trial court).

Furthermore, even if we were to allow the "would have requested" notice to amount to a request for findings of fact that could extend the appellate deadline for ninety days, in her notice of appeal Wright explicitly stated that she was appealing from the trial court's September 24 order overruling her rule 306a motion. After a party has filed her brief, she may amend her notice of appeal only with leave of court. Tex. R. App. P. 25.1(f). A party may amend her notice of appeal to correct "a defect or omission." *Id*. "However, Rule 25.1(f) does not permit an amendment to add an entirely different order from which the appeal is taken." *Rainbow Group, Ltd. v. Wagoner*, 219 S.W.3d 485, 492 (Tex. App.—Austin 2007, no pet.); *see also Ward v. Parham*, 198 S.W.3d 861, 863 (Tex. App.—Texarkana 2006, no pet.) (party's notice of appeal was limited to rule 306a order,

---

[1] Assuming that Wright or her attorney did not learn of the judgment until August 13, she still had time to file a notice of appeal from the judgment within the fifteen-day window for an extension of time under rule 26.3. *See* Tex. R. App. P. 26.3.

which is not separately appealable; even if party could amend notice of appeal to add different order, appellate deadline began to run from asserted date of notice).

To allow Wright to appeal from the July 10 order, we would have to: allow a notice of appeal taken solely from an order on a rule 306a motion, which is not a separately appealable order, *see Ward*, 198 S.W.3d at 863; hold that a notice that Wright "would have filed" a request for findings of fact amounts to an actual request for findings of fact such that it extended to ninety days the deadline to perfect appeal, *see* Tex. R. App. P. 26.1(a); and then grant Wright's motion to amend her notice of appeal, filed nearly seven months after the order was signed, and allow her amended notice of appeal from an entirely new order to refer back to her original notice of appeal, something the rules do not allow, *see Rainbow Group*, 219 S.W.3d at 492. This we cannot do.

As noted earlier, even if we assume that Wright's rule 306a motion should have been granted, that holding would not give Wright the benefit or remedy she seeks. *See Save our Springs Alliance v. City of Austin*, 149 S.W.3d 674, 681 (Tex. App.—Austin 2004, no pet.) ("A case becomes moot when . . . one seeks a judgment on some matter that, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy."). Wright's attempted appeal from the rule 306a order is moot and we thus lack jurisdiction over it. We deny Wright's motion to amend her notice of appeal and dismiss the appeal.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Dismissed for Want of Jurisdiction

Filed: April 18, 2008

4