

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-25-00436-CV

———————————————————

COREY SHON ELLISON MORRELL, Appellant

V.

MERCER TRANSPORTATION CO., INC., Appellee

---

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-330903-21

---

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

In December 2021, Appellee Mercer Transportation Co., Inc. filed an authenticated foreign judgment in the trial court, thereby starting the clock for Appellant Corey Shon Ellison Morrell's post-judgment and appellate deadlines. *See* Tex. Civ. Prac. & Rem. Code Ann. § 35.003; *Walnut Equip. Leasing Co. v. Wu*, 920 S.W.2d 285, 286 (Tex. 1996). Although a notice of appeal is generally due within 30 days of a judgment, because Morrell filed a post-judgment motion to vacate the foreign judgment, his 30-day deadline was extended to 90 days, making his notice of appeal due in March 2022. *See* Tex. R. App. P. 26.1(a).

More than three years later, in 2025, Morrell filed a motion asserting that he had just learned that his motion to vacate had been denied and requesting a judicial declaration that his post-judgment and appellate deadlines ran from the date he had received notice—which, according to him, was in April 2025. *See* Tex. R. App. P. 4.2(a)(1) (providing that if a party does not receive notice of a judgment within 20 days of its signing, then the appellate deadlines run from the date of notice, subject to certain limitations); Tex. R. Civ. P. 306a(4) (providing similar rule for post-judgment deadlines and expiration of trial court's plenary power). The trial court found that it lacked jurisdiction over the motion because its plenary power had long since expired, and it entered an order accordingly. *See* Tex. R. Civ. P. 306a(4) (capping notice-based delay of plenary power's expiration by stating that "in no event shall such period[] begin [to run] more than ninety days after the original judgment or other appealable

2

order was signed"); *see also* Tex. R. App. P. 4.2(a)(1) (providing similar cap on notice-based delay of appellate timeline).  Morrell appeals.

But just as the trial court lacked jurisdiction to consider Morrell's post-judgment motion years after its plenary power had expired, we lack jurisdiction to consider Morrell's three-year-late appeal.  A timely notice of appeal is jurisdictional in this court, *Samiei v. Am. Furukawa, Inc.*, No. 02-23-00076-CV, 2023 WL 2805899, at *1 (Tex. App.—Fort Worth Apr. 6, 2023, no pet.) (per curiam) (mem. op.), and while the standard 30-day deadline for a notice of appeal can be extended under certain circumstances, such extensions are measured in days or months—not years.  *See, e.g.*, Tex. R. App. P. 4.2(a)(1) (providing for extension of appellate timelines but capping delay at "90 days after the judgment or order was signed"), 26.1 (providing for extension of deadline for notice of appeal to "90 days after the judgment is signed"), (c) (authorizing restricted appeal "within six months after the judgment or order is signed"), 26.3 (providing for 15-day extension of deadline for notice of appeal).  Morrell has not identified any legal authorization for a three-year extension of the deadline to file his notice of appeal.

On the contrary, Morrell seemingly acknowledges that he can no longer appeal the 2021 judgment.  Instead, he asserts that the trial court's "distinct 2025 dismissal order"—the order rejecting his notice-related motion—is independently final and appealable.  But he is mistaken.  The trial court's order did not resolve any pending claims; rather, it recognized what we have just explained:  that all pending claims were

resolved in 2021 and that the time for post-judgment challenges has passed. *See Kirk v. Chi. Title Ins. Co.*, No. 05-06-01463-CV, 2007 WL 1087411, at *1 n.1 (Tex. App.—Dallas Apr. 12, 2007, no pet.) (per curiam) (mem. op.) ("An order pursuant to Texas Rule of Civil Procedure 306a(4) is not separately appealable."); *Ward v. Parham*, 198 S.W.3d 861, 863 (Tex. App.—Texarkana 2006, no pet.) (clarifying that "[t]he order pursuant to Rule 306a, subd. 4 is not one that is separately appealable[; i]t determines when an appeal from the underlying judgment is timely").

We therefore grant Mercer's motion to dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Samiei*, 2023 WL 2805899, at *1 (dismissing for want of jurisdiction when party filed untimely appeal from authenticated foreign judgment).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: October 16, 2025

4